No. 11,674.

CLARK v. SMALL.

Decided October 25, 1926.

Action for damages growing out of an automobile collision. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. AUTOMOBILES—*Rules of the Road,* quoted and considered.

2. APPEAL AND ERROR—*Fact Findings.* Findings of fact by a jury, which are based on conflicting evidence, will not be disturbed on review.

3. DAMAGES—*Exemplary.* Section 6307, C. L. '21, concerning exemplary damages, considered and construed.

4. WORDS AND PHRASES—*"Wanton,"* means wilful and intentional.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Mr. GEORGE M. CORLETT, Mr. JAMES P. VEERKAMP, for plaintiff in error.

Messrs. MOSES & ELLITHORP, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and will be hereinafter so designated.

Plaintiff brought this action demanding $1,756.60 actual damages, and $1,500 exemplary damages, for injuries received to person and property arising from an

automobile collision. The jury returned a verdict in his favor for $1,250 actual damages and $100 exemplary damages. To review the judgment thereupon entered defendant prosecutes this writ and asks that it be made a supersedeas.

The rules of the road governing automobile travel on public highways in this state provide, among other things:

"(b) Vehicles shall travel upon the right side of public highways unless the road ahead on the left side is clear and unobstructed for at least 100 yards, * * *.

"(c) Vehicles proceeding in opposite directions shall pass each other on the right, * * *.

"(d) Vehicles overtaking other vehicles proceeding in the same direction shall pass to the left thereof, * * *. It shall be the duty of the driver or operator of a motor vehicle about to overtake another to give a suitable signal audible to the driver or operator of the vehicle to be passed. * * *.

"(e) Two vehicles which are passing each other in opposite directions shall have the right of way, and no other vehicle to the rear of either of such two vehicles shall pass or attempt to pass such two vehicles, while they are passing * * *." Sec. 1270, p. 498, C. L. 1921.

A certain Ford automobile was traveling westward at a low rate of speed. Plaintiff, in his car, was traveling eastward, approaching the Ford. Defendant, in his car, was behind the Ford, traveling west. In this situation defendant, it was charged, attempted to pass the Ford while plaintiff was within the forbidden 100 yard limit and the collision resulted. The principal question of course was the alleged negligence of defendant; but the specific question was whether or not plaintiff, at the time of defendant's passage, was within 100 yards of the Ford car.

It seems perfectly clear, from an examination of the record, that this is but another case of a disputed ques-

tion of fact decided by a jury upon conflicting evidence, and as it is not contended that the trial court committed any error in instructing the jury on that subject we cannot disturb the verdict.

It is further maintained that there was no evidence to support a finding of actual damages in any sum in excess of $1,240.10. However, we find in the record very definite evidence which would support a finding of actual damages in the sum of $1,267.60. The verdict therefore cannot be disturbed as excessive.

Again it is said that this record will not support a finding of exemplary damages, and that the instruction thereon was erroneous. The argument in that respect is largely based upon the assumption that malice is an essential element in such a finding. That assumption is incorrect and the instruction was right. Such damages may be assessed if "the injury complained of shall have been attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, * * *." Sec. 6307, p. 1646, C. L. 1921.

Again the evidence is conflicting, but if that of plaintiff was believed by the jury, as we must assume, a clear case of defendant's reckless disregard of plaintiff's rights was made out. The rather ingenious argument is advanced that this was not enough, but that, in view of the peculiar reading of the statute, there must also be shown a *wanton* disregard of his *feelings,* and that such evidence is lacking. We do not think the very strongest of defendant's authorities support his position. The feelings mentioned may be physical as well as mental, and "wanton" means wilful and intentional. It is not necessary that defendant should have known the conditions and known that the injury would result from his conduct. If, conscious of his conduct and the existing conditions, he knew, or should have known, that the injury would probably result, the requirements of the

statute are met. Beyond question there is evidence to support that finding, and for the reasons heretofore given, the verdict for exemplary damages cannot be disturbed.

The supersedeas is accordingly denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR, sitting for MR. JUSTICE ADAMS, concur.