No. 14,853.

MINOWITZ *v.* FAILING.
(123 P. [2d] 417)

Decided March 2, 1942.

Mr. SIMON QUIAT, Mr. SAMUEL S. GINSBERG, Mr. NA-THAN H. CREAMER, for plaintiff in error.

Mr. FOSTER CLINE, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

DEFENDANT in error, to whom we hereinafter refer as Failing, brought a civil action for damages, both compensatory and exemplary, for injuries suffered from assault upon him by plaintiff in error, hereinafter mentioned as Minowitz. Minowitz, in a cross complaint, asks for damages, both compensatory and exemplary, against Failing, based upon the same altercation in which they engaged on November 15, 1939. The jury returned verdicts in favor of Failing in the sum of $1,500 actual damages, and $500 exemplary damages, and found against Minowitz on his cross complaint. The latter seeks reversal on a writ of error.

The evidence is very much in conflict, as was stated by counsel for Minowitz in his opening statement to the jury, but substantially the record discloses the following situation that gave rise to this litigation: Failing owned a tract of land consisting of about seventy acres near the town of Bailey, in Park county, through a part of which ran a small ditch. Sometime in the fall of 1939,

he had arranged with Pople Brothers Construction Company, road contractors, to take some gravel off his land for road surfacing. They had placed their excavation equipment on the premises sometime before November 15, 1939, and an opening in the fence had been made to permit the machinery to be moved in. About eleven o'clock on that morning Failing was present near the machinery, about seventy-five feet from the edge of his property where the fence had been taken down, and, seeing Minowitz approaching, he asked him what he wanted, to which question Minowitz replied, "I want to see what is going on here." Failing said, "You are not wanted in here." "You get out." Minowitz replied, "I don't have to get out." Minowitz was carrying a cane, and came toward Failing, who testified that as Minowitz approached, "He was swinging that cane and he jumped the ditch and came for me; he got up within about three feet — two to three feet — and I protected myself — I reached out and hit him a light blow with my left hand." This threw Minowitz off balance causing him to fall in the ditch; but he immediately regained his feet and attacked Failing with the cane, striking him several times with sufficient force to fracture his skull, which necessitated an operation and hospitalization for several weeks with attendant expense of nearly $1,000. According to Failing's testimony, the attack was accompanied by the vilest of oaths and the threat, "I will kill you." There is no question but what Minowitz nearly succeeded in carrying out his threat, as a piece of Failing's skull bone penetrated the brain and it was only through a delicate operation that his life was saved.

As indicated, Minowitz denies much of this testimony and contends that Failing was the aggressor, and that he, Minowitz, was acting in self defense. He testified that he came onto the premises to ascertain from Pople Brothers "if they were going to continue working after that particular day." He does not deny striking Failing with the cane, but stated that only one blow was struck,

and that was while he was on the ground after Failing had knocked him down, but at the same time he admits that Failing did not attempt to strike him after he hit him with the cane.

Plaintiff in error, as grounds for reversal, assigns errors substantially as follows: 1. There was not sufficient evidence of malice to authorize submission of question of exemplary damages and body judgment to the jury because: (a) Minowitz had a lawful right to be upon the premises. (b) Failing was the aggressor. (c) Minowitz acted in self defense. (d) Failing had a bad reputation. (e) Failing's own testimony disproves malice. (f) Verdict of malice is manifestly against the weight of evidence. 2. Failing is not entitled to compensatory damages because he was the aggressor. 3. The court erred in refusing to give Minowitz's tendered instruction No. 1. 4. The court erred in refusing to give Minowitz's tendered instruction No. 2. 5. The court erred in refusing to give Minowitz's tendered instruction No. 5.

1. (a) The assertion of Minowitz that he had a lawful right to be upon the premises is a mere conclusion. He testified that he came there for the purpose of ascertaining from Pople Brothers how long they were going to work there, because he had been cashing checks for some of the workmen. His counsel cite the cases of *Gilligan v. Blakesley,* 93 Colo. 370, 26 P. (2d) 808, and *Averch v. Johnson,* 90 Colo. 321, 9 P. (2d) 291. These cases correctly state the law, but even had the jury believed Minowitz's story, it still is doubtful whether he brought himself within the rule there announced as it relates to invitees and others. It is sufficient to note that in both of those cases the jury found for the plaintiff— the same as here—on conflicting evidence and we affirmed the judgment in both instances. (b) We think the record supports Failing's statement, which the jury apparently believed, that although he struck the first blow, he did it in self defense. Minowitz admitted on

cross-examination that he was warned that he was not wanted, but that he kept right on coming toward Failing, waving his cane. Failing merely stood his ground until Minowitz was close enough to do him bodily harm, and was justified in raising his left hand, although he was right-handed, in warding off what reasonably appeared to him to be impending danger. Under the circumstances the jury was justified in finding that Failing was not the aggressor. He had a right to stand his ground. 6 C.J.S. 813. (c) Even if Minowitz had a right to rely on self defense when Failing first struck him, which we seriously doubt (6 C.J.S. 814), Minowitz clearly was guilty of excessive retaliation in beating Failing so as to endanger his life, since no more force than is reasonably necessary for protection may be used in self defense. Ibid. 812. (d) The question as to whether or not Failing had a bad reputation was for the jury. Testimony on this point in the affirmative was given by witnesses whom the jury chose not to believe, and their disbelief is justified by the record. (e and f). The contention that the verdict is manifestly against the weight of the evidence is not supported by the record. Even if Failing's testimony to the effect that Minowitz said, "I will kill you, you ——" stood alone, a conclusion that malice was shown would be justified, but when we remember that Failing almost lost his life as a direct result of an attempt to carry out that threat, we think the exact opposite of Minowitz's contention is shown. We are of the opinion that the evidence of malice clearly meets the requirements of the statute. '35 C.S.A., c. 50, §6; *Courvoisier v. Raymond,* 23 Colo. 113, 47 Pac. 284; *Clark v. Small,* 80 Colo. 227, 250 Pac. 385.

■ 2. We have indicated that under the circumstances disclosed by the record the jury could properly find that Minowitz was the aggressor, and that the awarding of compensatory damages was clearly proper. The fact that Failing was forced to obligate himself for

nearly $1,000 expense as a direct result of the injury inflicted is not seriously disputed.

3. Complaint is made that the court refused to instruct the jury that "the defendant, in the first instance, had a lawful right to enter upon the premises of the plaintiff for any lawful purpose." The request was properly refused. The instruction given by the court on this branch of the case permitted the jury to find that if "Minowitz was a trespasser on the premises of the plaintiff, then the plaintiff had the legal right to order the defendant off of said premises." The record justifies the giving of this instruction.

4. The pertinent part of Minowitz's tendered instruction No. 2, was, "the burden of proof is upon the plaintiff to show that the defendant did use more force than was reasonably necessary, under the circumstances, to defend himself." No error was committed by the court in refusing this request. At most, it could have no more than a cumulative effect, because the court did give specific, proper and sufficient instructions on the burden of proof.

5. The final complaint regarding the instructions is that the court erred in refusing to instruct the jury, that "it is to be considered that a man repelling imminent danger cannot be expected to use as much care as if he had time to act deliberately." There was no occasion to give this instruction under the facts disclosed. It is predicated upon an inference not justified by the record. Minowitz alleged in his answer that "he was theretofore informed and believed that the plaintiff was a man possessed of a violent and ungovernable temper, and that plaintiff had the reputation in the community, in which said assault occurred, for being quarrelsome," yet Minowitz went upon the premises as a trespasser, and, in spite of the warning to stay off, engaged in the altercation. He had sufficient time to deliberate, and hence was not entitled to this instruction.

As the trial judge observed, both sides were repre-

sented by competent counsel, and both depended upon convincing the jury of their respective positions. Both parties were accorded a fair trial.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE BOCK and MR. JUSTICE BURKE concur.