RAMADA INNS, INC., ᴅʙᴀ TROPICANA HOTEL, Aᴘᴘᴇʟ-
ʟᴀɴᴛ, *v.* KIMBERLY SHARP, Rᴇsᴘᴏɴᴅᴇɴᴛ.

No. 16284

December 31, 1985                                        711 P.2d 1

*Beckley, Singleton, DeLanoy & Jemison; Frances A. Forsman;* and *Daniel F. Polsenberg,* Las Vegas, for Appellant.

*Marilyn V. Romanelli,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal arises out of an altercation between respondent and

two security guards employed by appellant hotel. Following a trial on the merits, the jury awarded $15,000 in compensatory damages and $10,000 in punitive damages to respondent. Pre-judgment interest on the entire award was granted by the trial court. For the reasons set forth below, we affirm the award of compensatory and punitive damages; however, we reverse the grant of prejudgment interest on the punitive damage portion of the award.

Respondent was employed by an escort service. According to her, it was her job to visit potential clients and arrange an escort for them if possible. In order to see these potential clients, respondent claimed she often had to go to their hotel rooms. At the time of the incident, respondent was preparing to leave appellant's hotel after having just completed one such "run." Respondent was approached by a hotel security guard as she was waiting for an elevator to return to the casino. The parties' versions of respondent's fall differ greatly; however, the jury accepted respondent's contention that she had been pushed down a flight of stairs by security guards employed by appellant. The jury ordered appellant to pay respondent compensatory damages of $15,000 for intentional infliction of emotional distress and battery and $10,000 as punitive damages. Pursuant to NRS 17.130(2)[1], the trial court awarded prejudgment interest to respondent on the entire $25,000 award.

Appellant hotel contends that punitive damages may not be assessed against an employer for an act of his employee unless the employer either (1) authorized the act or (2) ratified or approved of the act resulting in an award of punitive damages. *See* Restatement (Second) of Torts § 909 (1979). This is other-wise known as the "complicity theory." Respondent, on the other hand, maintains that an employer is vicariously liable for acts of an employee which give rise to an award of punitive damages if the employee was acting within the scope of his employment. *See* Forrester v. S.P. Co., 36 Nev. 247, 134 P. 753 (1913). This is known as the "vicarious liability rule."

Appellant asked for and received, over objection, a jury instruction predicated on the complicity theory; therefore, the jury was instructed in accordance with appellant's view of the law. There was evidence in the record indicating that appellant

---

[1]NRS 17.130(2) provides that:

> When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest at the rate of 12 percent per annum from the time of service of the summons and complaint until satisfied, except for any amount representing future damages, which draws interest at that rate only from the time of the entry of the judgment until satisfied.

gave its security guards wide latitude in dealing with unescorted females who were not registered guests. Because there was substantial evidence to support the jury's verdict under either the complicity theory or the vicarious liability rule, we will not overturn the judgment on appeal. *See* Udevco, Inc. v. Wagner, 100 Nev. 185, 678 P.2d 679 (1984).

However, the award of prejudgment interest on the punitive damage award was clearly erroneous. Prejudgment interest is viewed as compensation for use by defendant of money to which plaintiff is entitled from the time the cause of action accrues until the time of judgment; it is not designed as a penalty. Haskins v. Sheldon, 558 P.2d 487, 494 (Alaska 1976). A plaintiff is never entitled to punitive damages as a matter of right; their allowance or denial rests entirely in the discretion of the trier of fact. Nevada Cement Co. v. Lemler, 89 Nev. 447, 451, 514 P.2d 1180 (1973). Therefore, the amount of punitive damages to be awarded cannot be ascertained until the trier of fact has heard all the evidence. Because the amount of punitive damages to be awarded is not known until the judgment is rendered, we hold that prejudgment interest may not be granted by a trial court on punitive damage awards.

Accordingly, we affirm the judgment of the trial court with respect to the award of compensatory and punitive damages; however, we reverse that part of the judgment which grants prejudgment interest on the punitive damage portion of the award.