Keel **PETERSON** and Linda Peterson,
Plaintiffs–Appellants,

v.

**FIRST NATIONAL BANK OF IOWA,**
Defendant–Appellee.

No. 86–1553.

Court of Appeals of Iowa.

March 9, 1988.

Peter C. Riley of Tom Riley Law Firm, P.C., Cedar Rapids, for plaintiffs-appellants.

Roger Stone and James Peters of Simmons, Perrine, Albright and Ellwood, Cedar Rapids, for defendant-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

OXBERGER, Chief Judge.

The plaintiffs appeal the district court ruling calculating the prejudgment interest and determining the appropriate date to offset the plaintiffs' and defendant's judgments. The plaintiffs contend the trial court erred in not allowing prejudgment interest on punitive damages and in setting off the respective judgments on the date of judgment and not when plaintiffs initially filed suit. We affirm.

On March 25, 1983, the Petersons commenced an action against First National Bank of Iowa (Bank). The Bank counterclaimed. The Petersons recovered $400,000 in compensatory damages and $150,000 in punitive damages. The Bank recovered $206,716.29 on its counterclaim. These judgments were reinstated by this court in *Peterson v. First National Bank of Iowa*, 392 N.W.2d 158 (Iowa App.1986).

A hearing was held to determine the net judgment due to the Petersons as a result of a dispute as to when interest would begin to accrue on the Petersons' judgment for compensatory and punitive damages.

There was also a dispute as to when the judgments should be offset.

The district court ordered that both the Petersons' and Bank's judgments would accrue postcommencement interest from their respective dates of filing. The Petersons' judgment for punitive damages began accruing interest the date of the judgment entry. The court then ordered the Petersons' judgment to be offset with the Bank's as of the date of the judgment entry. The excess was then added to the Petersons' judgment for punitive damages.

The Petersons claim they should be allowed prejudgment interest on the punitive damages. They argue Iowa Codes section 535.3 as amended in 1980 supersedes prior case law and that the statute includes punitive damages.

■ It is well established in Iowa that prejudgment interest is not allowed on awards of punitive damages. *In re IBP Confidential Business Documents Litig.*, 755 F.2d 1300, 1319–20 (8th Cir.1985); *Midwest Management Corp. v. Stephens*, 353 N.W.2d 76, 82 (Iowa 1984); *Hall v. Montgomery Ward & Co.*, 252 N.W.2d 421, 426 (Iowa 1977); *Dunshee v. Standard Oil Co.*, 152 Iowa 618, 631, 132 N.W.371, 376 (1911). Iowa Code section 535.3 does allow prejudgment interest on damage awards, but punitive damage awards are not included. *Midwest Management*, 353 N.W.2d at 82. The interest on punitive damages runs from the date of the judgment. *Id.; Hall*, 252 N.W.2d at 426.

These cases make it clear that prejudgment interest is not allowed on punitive damage awards. We hold the trial court did not err in disallowing the Petersons' claim for prejudgment interest on the punitive damage award.

The Petersons also claim the judgments should have been offset as of the date the Petersons commenced the suit rather than the date the judgments were entered. They argue the offset date is significant because the Bank's judgment is accruing interest at a higher rate pursuant to a contract and it would be inequitable to allow the Bank interest from the date of its

counterclaim filing since no funds were due the Bank.

Iowa Rule of Civil Procedure 225 provided as follows on May 1, 1984:

If any party recovers judgment against an adverse party in excess of a judgment recovered by the latter against him, judgment shall be given for the excess, with any other affirmative relief to which either may be entitled.

This rule was amended in 1984 to eliminate the necessity of combining judgments. We apply this rule because it was the law in effect on the date of the original judgments. *See Muchmore Equip. Co. v. Grover*, 334 N.W.2d 605, 610 (Iowa 1983) (where a judgment is modified on appeal, the interest runs from the date of the original judgment) *and State ex rel Leas in Interest of O'Neal*, 303 N.W.2d 414, 419 (Iowa 1981) (statutes which relate to substantive rights generally only apply prospectively).

Neither party has cited any authority which directly supports its position. We determine a logical interpretation of this rule requires the offset to occur on the date both judgments were entered. *Farrington v. Freeman*, 251 Iowa 18, 99 N.W. 2d 388 (1959), as cited by the Petersons might control this case if the Bank's counterclaim was unliquidated; however, the Bank's counterclaim on the promissory notes was liquidated at the time the counterclaim was filed. There was a definite, ascertainable amount due and owing. Finally, there is nothing inequitable in allowing the Bank to recover interest on its claim. The Petersons make this complaint because the Bank is receiving a higher interest rate. The Petersons have no grounds to complain since they entered into the agreement providing for the higher rate. We therefore hold the trial court did not err in offsetting the judgments the day they were entered. The judgment of the district court is affirmed.

AFFIRMED.