Richard BRADLEY, Plaintiff–Appellee and Cross–Appellant,

v.

William D. GUESS; and Seaward Construction Company, Inc., Defendants–Appellants and Cross–Appellees.

Nos. 87CA1628, 87CA1637.

Colorado Court of Appeals, Div. IV.

Sept. 14, 1989.

As Modified on Denial of Rehearing April 26, 1990.

Certiorari Granted Oct. 9, 1990.

Nicholas W. Goluba, Jr., Glenwood Springs, for plaintiff-appellee and cross-appellant.

Hugh D. Wise, III, Aspen, for defendant-appellant and cross-appellee William D. Guess.

Tilly & Graves, P.C., John W. Grund and John M. Seebohm, Denver, for defendant-appellant and cross-appellee Seaward Const. Co., Inc.

Opinion by Judge TURSI.

Defendants, Seaward Construction Company, Inc. (Seaward), and William D. Guess, Seaward's project manager, appeal a judgment entered against them and in favor of plaintiff, Richard Bradley, for compensatory and exemplary damages for his personal injuries incurred in a fight with Guess and other Seaward employees at a 1982 company-sponsored Christmas party. We affirm.

Plaintiff cross-appeals the trial court's refusal to allow prejudgment interest on the punitive damages verdict. We agree with plaintiff's position on the cross-appeal and therefore remand to the trial court for further proceedings.

I.

On their appeal, defendants' primary contention is that this case is essentially an action for assault and battery and is barred by the one-year statute of limitations set out in § 13–80–103, C.R.S. (1987 Repl.Vol. 6A). We agree that if this were such a case, it would be barred. However, the complaint pleads a claim for damages for negligent supervision, and thus, it was timely filed.

Further, contrary to defendants' contention, there is ample competent evidence to support the jury's finding that both defendants were negligent in their supervision of the party, and that this negligence was a cause of plaintiff's injuries. See Kaiser Foundation Health Plan of Colorado v. Sharp, 741 P.2d 714 (Colo. 1987); Moore v. Standard Paint & Glass Co., 145 Colo. 151, 358 P.2d 33 (1960). As stated in 1 CJI–Civ. 3d 9:28 (1989):

"A cause does not have to be the only cause or the last or nearest cause. It is sufficient if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause some or all of the claimed injury."

Also, there was sufficient evidence to support the finding that the conduct of the defendants in supervision was "wanton

and reckless in disregard of plaintiff's rights and feelings" and the resultant award of punitive damages against both. *See* § 13–21–102, C.R.S. (then in effect); *Jacobs v. Commonwealth Highland Theatres, Inc.*, 738 P.2d 6 (Colo.App.1986).

We see no merit in Seaward's argument that it could not be held liable for negligent supervision because the party had ended before plaintiff was injured. The evidence is to the contrary.

■ Also, the court did not commit any reversible error in its ruling in prohibiting the admission of plaintiff's prior altercations or a bankruptcy petition filed by him after the subject incident. Evidence of his previous involvement in fights had no probative value because of its remoteness in time and defendants' failure to show plaintiff was the aggressor. The bankruptcy matter was irrelevant to the aggressor issue for which it was offered.

■ The affidavits offered in support of and against defendants' claims of juror misconduct are ambiguous, contradictory, incomplete, and pertain to matters or statements that occurred during the jury's deliberations. The exclusionary principle of CRE 606(b) is applicable here.

## II.

■ In his cross-appeal, plaintiff contends that under the plain language of § 13–21–101(1), C.R.S. (1987 Repl Vol. 6A) he is entitled to interest from the date his action against defendants accrued. In *Jacobs v. Commonwealth Highland Theatres, Inc., supra*, this court, relying on *Coale v. Dow Chemical Co.*, 701 P.2d 885 (Colo.App.1985), reversed an award of prejudgment interest on punitive damages awarded in a personal injury action. Plaintiff urges that the *Jacobs'* court erred in its reliance on *Coale v. Dow Chemical Co.* because the latter case was not a personal injury case and construction of § 13–21–101(1) was not in issue. *See Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362 (Colo.1989). Plaintiff contends that since *Jacobs* failed to address the specific statute pertaining to interest in personal injuries claims, it is not dispositive and, in any case, should not be followed. We agree.

The right to interest is a creature of statute. *Hendrie v. Board of County Commissioners*, 153 Colo. 432, 387 P.2d 266 (1963). Section 13–21–101(1), C.R.S. (1987 Repl.Vol. 6A) provides in pertinent part:

> "In *all actions* brought to *recover damages for personal injuries* sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership, whether by negligence *or by willful intent* of such other person, corporation, association, or partnership and whether such injury has resulted fatally or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages ... claimed from the date the action accrued...." (emphasis supplied)

If the language of a statute is plain and its meaning clear, it must be applied as written. *Heagney v. Schneider*, 677 P.2d 446 (Colo.App.1984). Here, plaintiff brought an action to recover damages—compensatory and exemplary—for personal injury sustained by him and resulting from a tort committed by the defendants with willful intent.

A claim for exemplary damages is inextricably tied to a plaintiff's underlying claim for actual damages and, thus, is only one component of a single claim for relief. *Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982). And, as held in *Palmer v. A.H. Robins Co.*, 684 P.2d 187 (Colo.1984), although a claim for exemplary damages is punitive in character, it is not a separate and distinct cause of action, rather it is auxiliary to, and has no application absent, the underlying claim for actual damages.

Section 13–21–102, C.R.S. (originally enacted Colo.Sess.Laws 1889, p. 296, § 1; as amended July 1, 1986, codified at § 13–21–102(1)(a), C.R.S. (1987 Repl.Vol. 6A)) permits, as here, an award of exemplary damages upon a finding of injury to the person attended by a "wanton and reckless disregard of the injured party's rights and feelings." The term "wanton," in this con-

text, means nothing more than "willful and intentional." *See Clark v. Small,* 80 Colo. 227, 250 P. 385 (1926).

In its amendments to the exemplary damages statute, Colo.Sess.Laws 1986, ch. 106, § 13–21–102 at 675, the General Assembly, consistent with the holding of *Clark v. Small,* specifically incorporated the word and concept of *willful* in the predicate conduct upon which exemplary damages therefor may be awarded. Furthermore, the defendants do not present, and we are unaware of, any logical reason for distinguishing the mental state necessary for a finding of "wanton" conduct from that conduct needed for a determination of "willful" intent.

Since, if possible, statutes must be harmonized, *Ragsdale Bros. Roofing, Inc. v. United Bank,* 744 P.2d 750 (Colo.App. 1987), we conclude that when the "willful" intent provision of § 13–21–101(1) is established by a finding of "wanton" conduct it is applicable to "personal injury" claims, and such finding mandates that interest also be added to the exemplary damage award. Further, such interest must be assessed from the day the action accrues. *Accord Greenfield v. Spectrum Investment Corp.,* 174 Cal.App.3d 111, 219 Cal. Rptr. 805 (1985) (allowing prejudgment interest on award of exemplary damages under a similarly worded statute). *Cf. Casto v. Arkansas–Louisiana Gas Co.,* 562 F.2d 622 (10th Cir.1977) (disallowing interest on punitive damages where statute did not contain any reference to willful intent).

The holding reached in *Jacobs,* was based on the case of *Coale v. Dow Chemical Co., supra.* *Coale* disallowed prejudgment interest on exemplary damages under § 5–12–102, C.R.S. (1988 Cum.Supp.). *Coale,* however, concerned a commercial property damage matter and not a personal injury claim. Inasmuch as prejudgment interest in personal injury actions is governed by § 13–21–101 and not § 5–12–102, we consider both *Jacobs* and *Coale* to be unpersuasive in this instance.

Here, it is indisputable that plaintiff's claims for both compensatory and exemplary damages are part and parcel of an action to recover damages for personal injuries sustained by him because of a tort and caused by conduct commensurate with willful intent by the defendants. *See Harding Glass v. Jones, supra; Palmer v. A.H. Robins Co., supra.* We are unpersuaded that the punitive purposes of awarding exemplary damages against willful inflicters of personal injuries on others should be diminished by forebearing the assessment of interest on exemplary damages from the day the perpetrator inflicts injury until the day judgment is finally rendered.

Accordingly, the judgment awarding plaintiff compensatory and punitive damages is affirmed, and the cause is remanded with directions to add interest to plaintiff's judgment for exemplary damages, pursuant to § 13–21–101, from the date the action accrued to date of judgment.

DUBOFSKY, J., concurs.

VAN CISE,[*] J., concurs in part and dissents in part.

Judge VAN CISE, concurring in part and dissenting in part.

### I

I concur with Part I of the majority opinion. The judgment in favor of plaintiff for both compensatory and punitive damages should be affirmed.

### II

I disagree with the majority's ruling that prejudgment interest should have been added to the punitive damages awarded by the jury and, therefore, respectfully dissent from Part II. *Jacobs v. Commonwealth Highland Theatres, Inc.,* 738 P.2d 6 (Colo. App.1986) (cert. denied June 8, 1987), and *Coale v. Dow Chemical Co.,* 701 P.2d 885 (Colo.App.1985) (cert. denied September 23, 1985) are dispositive on this issue. As stat-

---

[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

ed in *Coale,* "prejudgment interest cannot apply to punitive damages awards, and the trial court was correct in so ruling."

This is the prevailing rule, not only in Colorado, but also nationwide. *See In re IBP Confidential Documents Litigation,* 755 F.2d 1300 (8th Cir.1985), *cert. denied sub nom. Bagley v. IBP, Inc.,* 479 U.S. 1088, 107 S.Ct. 1293, 94 L.Ed.2d 150 (1987); *Casto v. Arkansas–Louisiana Gas Co.,* 562 F.2d 622 (10th Cir.1977); *Leinoff v. Louis Milona & Sons, Inc.,* 726 F.2d 734 (Fed.Cir.1984); *Underwater Devices, Inc. v. Morrison–Knudsen Co.,* 717 F.2d 1380 (Fed.Cir.1983); *Matanuska Electric Ass'n v. Weissler,* 723 P.2d 600 (Alaska 1986); *Peterson v. First National Bank,* 423 N.W.2d 889 (Iowa App.1988); *Ramada Inns, Inc. v. Sharp,* 101 Nev. 824, 711 P.2d 1 (1985); *Cappiello v. Ragan Precision Industries, Inc.,* 192 N.J.Super. 523, 471 A.2d 432 (1984); *Vail v. Texas Farm Bureau Mutual Insurance Co.,* 754 S.W.2d 129 (Tex.1988); *Blake v. Grant,* 65 Wash.2d 410, 397 P.2d 843 (1964); *Poling v. Wisconsin Physicians Service,* 120 Wis.2d 603, 357 N.W.2d 293 (1984). *Contra Greenfield v. Spectrum Investment Corp.,* 174 Cal.App.3d 111, 219 Cal.Rptr. 805 (Cal.App. 2 Dist.1985) (relied on by the majority here).

Section 13–21–101, C.R.S. (1987 Repl.Vol. 6A), in pertinent part, provides:

"In all actions brought to recover *damages for personal injuries* ... occasioned by the tort of any other person ... it is lawful for the plaintiff ... to claim interest *on the damages claimed* from the date the action accrued." (emphasis supplied)

Section 13–21–102, C.R.S. (now in 1987 Repl.Vol. 6A), the exemplary damages statute, provides:

"In all civil actions in which damages are assessed by a jury for a wrong done to the person ... and the injury complained of is attended by ... a wanton and reckless disregard of the injured party's rights and feelings, the jury ... may award him reasonable exemplary damages."

As its rationale for refusing to follow *Jacobs* and *Coale, supra,* the majority asserts that "[a] claim for exemplary damages is inextricably tied to a plaintiff's underlying claim for actual damages and, thus, comprises only one component of a single claim for relief...." I do not agree.

As stated by Judge Doyle in *Casto v. Arkansas–Louisiana Gas Co., supra,* construing together similar Oklahoma statutes:

"[T]he connection between the personal injury and the exemplary damages is not such as to render the exemplary damages the same as personal injury damages. The latter are, of course, compensatory and the interest is of the same character. Exemplary damages are not compensation for actual physical harm. Instead the exemplary damages are in the nature of punishment ... [A]ward of prejudgment interest on the exemplary damages was not justified."

"Prejudgment interest is viewed as compensation for use by defendant of money to which plaintiff is entitled from the time the cause of action accrues until the time of judgment; it is not designed as a penalty." *Ramada Inns, Inc. v. Sharp, supra.* As stated in *Belinski v. Goodman,* 139 N.J.Super. 351, 354 A.2d 92 (1976):

"Prejudgment interest is assessed on tort judgments because the defendant has had the use, and the plaintiff has not, of moneys which the judgment finds was the damage plaintiff suffered.... It is thus clearly implied that interest on the loss suffered by a plaintiff as a result of defendant's tortious conduct is what was contemplated by the rule.

. . . .

"An award of punitive damages, by its own terms, is punitive in nature and purpose and the award of interest thereon no less so. Such damages do not compensate plaintiff for a loss sustained; their purpose is to punish a defendant for wrongful malicious conduct and as a deterrent to such conduct in the future."

Otherwise stated, "Punitive damages are intended to punish the defendant and to set

an example to others.... They are assessed over and above the amount of damages necessary to indemnify the plaintiff. The plaintiff can thus be made whole even if prejudgment interest is not awarded on punitive damages." *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985).

Section 13–21–102 requires prejudgment interest on the compensatory damages for personal injuries. Punitive damages are not "damages for personal injuries." Neither the language of § 13–21–101 nor the purpose of § 13–21–102 justifies awarding prejudgment interest on the award for punitive damages. The trial court's ruling in this regard was correct and should be affirmed.