**SEAWARD CONSTRUCTION COM-
PANY, INC., and William D.
Guess, Petitioners,**

v.

**Richard BRADLEY, Respondent.**

**No. 90SC305.**

Supreme Court of Colorado,
En Banc.

Sept. 23, 1991.

Rehearing Denied Oct. 21, 1991.

**972**

Tilly & Graves, P.C., John W. Grund, John M. Seebohm, Denver, for petitioner Seaward Const. Co., Inc.

Hugh D. Wise, III, Aspen, for petitioner William D. Guess.

Nicholas W. Goluba, Jr., Glenwood Springs, for respondent.

Justice LOHR delivered the Opinion of the Court.

The issue presented by this case is whether a plaintiff who is awarded punitive damages in a personal injury action is entitled to prejudgment interest on those damages. The district court ruled that prejudgment interest cannot be assessed on such an award of punitive damages. The Colorado Court of Appeals reversed. *Bradley v. Guess*, 797 P.2d 749 (Colo.App. 1989). Based on construction of the controlling statute, we conclude that prejudgment interest cannot be awarded on punitive damages in a personal injury action and therefore reverse the judgment of the court of appeals and direct that the judgment of the district court be affirmed.

I.

Richard Bradley filed this action in the District Court for Rio Blanco County seeking damages for injuries sustained in a fight at a Christmas party sponsored by Seaward Construction Company, Inc. The party was held at a tavern near Meeker, Colorado, in December 1982. Bradley was a member of a country and western band that provided entertainment at the Christmas party. William D. Guess, an employee of Seaward, was responsible for arranging and supervising the gathering. During the party, Guess and other Seaward employees engaged in a fight with Bradley, causing him serious injuries. Bradley alleged that

Seaward and Guess were negligent, wanton, and reckless in supervising the party and that such misconduct caused Bradley's injuries. The case was tried to a jury. The jury found for Bradley and determined that he had suffered $300,000 in compensatory damages, that his own negligence accounted for twenty-five percent of the total negligence that produced his injuries, and that he should receive $533,000 in punitive damages because the conduct of Seaward and Guess was wanton and reckless. Bradley moved for entry of judgment, asserting under sections 13–21–101 and –102, 6A C.R.S. (1987), that the judgment should include interest on the punitive damages award from the date of his injuries to the date the judgment is paid. The district court denied the request for prejudgment interest on punitive damages, citing *Jacobs v. Commonwealth Highland Theatres, Inc.*, 738 P.2d 6, 13 (Colo.App.1986). The district court entered judgment including prejudgment interest on the compensatory damages but not on the punitive damages. The Colorado Court of Appeals, in a decision by a divided panel, reversed the denial of prejudgment interest on punitive damages, specifically declining to follow *Jacobs*. *Bradley*, 797 P.2d at 751. We granted certiorari to resolve whether prejudgment interest can be assessed on a punitive damages award in a personal injury case.

## II.

Prejudgment interest on damages awarded in a personal injury action is specifically authorized by statute. *Allstate Ins. Co. v. Starke*, 797 P.2d 14, 19 (Colo.1990). The governing statute is section 13–21–101, 6A C.R.S. (1987), which states in relevant part:

> (1) In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership, whether by negligence or by willful intent of such other person, corporation, association, or partnership and whether such injury has resulted fatally or other-

wise, ... it is lawful for the plaintiff in the complaint to claim interest on the damages claimed from the date the action accrued. When such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action to add to the amount of damages assessed by the verdict of the jury, or found by the court, interest on such amount calculated at the rate of nine percent per annum on actions filed on or after July 1, 1975, ... and calculated from the date such suit was filed to the date of satisfying the judgment and to include the same in said judgment as a part thereof. [Detailed provisions concerning the manner of calculation of interest follow.]

■ Our primary goal in interpreting a statute is to determine the intent of the legislature and to give effect to that intent. *Danielson v. Castle Meadows, Inc.*, 791 P.2d 1106, 1111 (Colo.1990); *Kane v. Town of Estes Park*, 786 P.2d 412, 415 (Colo. 1990). To determine the intent, we look first to the plain language of the statute. *Danielson*, 791 P.2d at 1111; *Kane*, 786 P.2d at 415. When the statutory language is ambiguous, we must consider the underlying purpose for the statute in order to ascertain the intent of the legislature. *Danielson*, 791 P.2d at 1111; *Griffin v. S.W. Devanney & Co., Inc.*, 775 P.2d 555, 559 (Colo.1989).

## A.

■ Prior to addressing the specific language of section 13–21–101, it is useful to bear in mind that punitive or exemplary damages are a distinct form of damages awarded for a particular purpose. Punitive damages are available in Colorado only pursuant to statute. *Kaitz v. District Court*, 650 P.2d 553, 556 (Colo.1982); *Ark Valley Alfalfa Mills, Inc. v. Day*, 128 Colo. 436, 440, 263 P.2d 815, 817 (1953). The applicable statute is section 13–21–102, 6 C.R.S. (1973),[1] which provided in pertinent part:

---

1. Now appearing, as amended, at § 13–21–102,    6A C.R.S. (1987).

(1)(a) In all civil actions in which damages are assessed by a jury for a wrong done to the person, or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages.

We have stated that "[e]xemplary damages are allowed, not as compensation to the injured party for the wrong done, but as a punishment of the wrongdoer as an example to others." *Ark Valley*, 128 Colo. at 440, 263 P.2d at 817 (1953). *Accord Mortgage Finance, Inc. v. Podleski*, 742 P.2d 900, 903 (Colo.1987); *Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 220 (Colo.1984); *Mince v. Butters*, 616 P.2d 127, 129 (Colo. 1980). While we have noted that "a claim for exemplary damages ... can be entered only in conjunction with an underlying and successful claim for actual damages," *Kirk v. The Denver Publishing Co.*, 818 P.2d 262, 265, (Colo.1991), we continue to recognize the distinct purpose of exemplary damages—"to punish and deter," *Kirk*, at 266. Thus, whereas compensatory damages flow from the injury itself and are intended to make the injured party whole, punitive damages flow from the conduct of the defendant and are intended to punish the defendant and deter similar future acts by the defendant or others.

### B.

■ Turning to the language of the prejudgment interest statute, section 13–21–101 does not expressly include punitive damages in, or exclude punitive damages from, its scope. Instead, the scope of authorized prejudgment interest is prescribed by the following terms: "[i]n all actions brought to recover *damages for personal injuries sustained* [as a result of a tort] ... it is lawful for the plaintiff in the complaint to claim interest on *the damages claimed* ...." § 13–21–101(1), 6A C.R.S. (1987) (emphasis added). Furthermore, the interest is to be added "to the amount of *damages assessed by the verdict of the jury* ...." Although the type of action in which interest is authorized by section 13–21–101(1) is one brought to recover damages that flow from the injury itself—i.e., "damages for personal injuries sustained," which are compensatory in nature—it is not clear whether the interest authorized "on the damages claimed" and "assessed by the verdict of the jury" is limited to those compensatory damages or includes *all* damages claimed and assessed in an action, including punitive damages.[2]

Bradley asserts that construction of section 13–21–101 as a whole leads to the conclusion that prejudgment interest is authorized on both compensatory and punitive damages. He supports this argument by quoting language in subsection (2)(b) which states that "[t]his interest shall be payable on the amount of the final judgment."[3] Reading this statement in context, we cannot agree with Bradley's conclusion. Subsection 13–21–101(2) authorizes interest in the event of an appeal by the judgment debtor. Under subsection (2)(a), if the judgment is simply affirmed, interest is

---

**2.** Seaward and Guess argue persuasively that in § 13–21–101(1) "the damages claimed" and the "damages assessed" must refer back to "damages for personal injuries sustained," which are compensatory in nature. Although this is a plausible reading of the statute, we are not able to conclude with confidence that the terms "damages claimed" and "damages assessed" unambiguously exclude punitive damages.

**3.** Section 13–21–101(2) provides that

(a) If a judgment for money in an action brought to recover damages for personal injuries is appealed by a judgment debtor and the judgment is affirmed, interest, as set out in subsections (3) and (4) of this section [pertaining to the interest rate], shall be payable from the date the action accrued until satisfaction of the judgment.

(b) If a judgment for money in an action to recover damages for personal injuries is appealed by a judgment debtor and the judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, interest, as set out in subsections (3) and (4) of this section, shall be payable from the date the action accrued until the judgment is satisfied. This interest shall be payable on the amount of the final judgment.

calculated from the date the action accrued until the date the judgment is satisfied. Under subsection (2)(b), if the judgment is modified on appeal, interest is calculated over the same period, but is applied only to the modified award—i.e. the "final judgment." Use of the term "final judgment" merely clarifies that interest will not be applied for any period to the amount awarded in the trial court and considered by the appellate court to be erroneous. Subsections (2)(a) and (2)(b) govern the period during which interest will accrue and the rate of interest that will apply when a judgment for money in a personal injury action is affirmed or modified on appeal. These subsections do not address the issue of whether interest is payable on the punitive damages included in such a judgment. Although we agree that section 13–21–101 is not a model of clarity (see Cairns and Tredennick, *Collecting Pre- and Post-Judgment Interest in Colorado: A Primer*, 15 Colo.Law. 753, 756 (1986) ("CRS § 13–21–101 ... has been amended several times, resulting in language which overlaps and, in some cases, appears contradictory.")), we cannot construe subsections (2)(a) and (2)(b) as an express authorization for assessing prejudgment interest on punitive damages. Nor do we find these subsections of assistance in resolving the ambiguity in the language of subsection (1) of section 13–21–101 concerning this question.

## C.

Because the statutory language is ambiguous, we look to the intent of the legislature in authorizing prejudgment interest on personal injury damages in order to ascertain the meaning of the statute. *See Danielson*, 791 P.2d at 1111; *Griffin*, 775 P.2d at 559. We derive guidance as to that intent from decisions of this court and the Colorado Court of Appeals concerning the different purposes of compensatory damages and punitive damages and the differences in the times that the entitlement to such damages becomes fixed.

Compensatory damages serve a different purpose than punitive damages, and the right to such damages accrues at a different time. Compensatory damages in a negligence action are awarded to cover loss caused by the negligence of another and are intended to make the injured party whole. *Bullerdick v. Pritchard*, 90 Colo. 272, 275, 8 P.2d 705, 706 (1932); *Cope v. Vermeer Sales and Service of Colo., Inc.*, 650 P.2d 1307, 1309 (Colo.App.1982). The addition of prejudgment interest to a judgment for compensatory damages recognizes that the loss caused by the tortious conduct occurred at the time of the resulting injury but that the damages paid to compensate for that loss are not received by the injured party until later. *Allstate Ins.*, 797 P.2d at 19; *Coale v. Dow Chemical Co.*, 701 P.2d 885, 890 (Colo.App.1985). "The interest is compensatory and is awarded to indemnify the plaintiff for the loss of earnings on that money due to its delayed payment." *Coale*, 701 P.2d at 890. Prejudgment interest on compensatory damages, therefore, is necessary to make the plaintiff whole. The same cannot be said of prejudgment interest on punitive damages. Punitive damages are awarded to punish the wrongdoer and deter similar acts. A plaintiff who establishes liability for personal injury is entitled to compensatory damages. *E.g., Mince*, 616 P.2d at 129; *Thompson v. Tartler*, 166 Colo. 247, 255, 443 P.2d 365, 369 (1968); *cf. Coale*, 701 P.2d at 890 (same, relating to property damage in a products liability action). In contrast, because punitive damages do not compensate for loss resulting from the injury, an award of punitive damages remains at the discretion of the trier of fact even after the plaintiff has established that such damages are permissible. *Mince*, 616 P.2d at 129; *see Coale*, 701 P.2d at 890. Until that discretion is exercised, the right to punitive damages does not arise. *Mince*, 616 P.2d at 129; *Coale*, 701 P.2d at 890. *See also Kirk*, 818 P.2d at 267 (holding that the plaintiff has a property interest in the award of exemplary damages *after* final judgment is entered). Therefore, whereas the loss for which compensatory damages are payable occurs at the time of the injury suffered, the injured party has no entitlement of any kind to punitive damages unless and until awarded by the trier of fact.

Prejudgment interest on punitive damages, therefore, would serve merely as an additional penalty and is not necessary to make the injured party whole.

We recently considered the purpose of section 13–21–101 in the context of interpretation of an insurance contract that provided a $100,000 limit on liability for all damages arising out of bodily injury but provided additionally that the insurer would pay interest on any judgment entered against the insured. *Allstate*, 797 P.2d at 16–17. The issue was whether prejudgment interest on compensatory damages was to be included for the purpose of the $100,000 ceiling on bodily injury liability or whether it was payable as interest on a judgment and therefore not subject to that insurance policy limit. The outcome and analysis in that case are consistent with the difference in the purposes of compensatory and punitive damages explained above. We held that prejudgment interest authorized by section 13–21–101 is included in the *damages* limited by the insurance policy's bodily injury liability ceiling rather than being covered by the policy provision allowing additional recovery as interest on the judgment. *Id.* at 20. In doing so we noted that, historically, prejudgment or "moratory" interest[4] has been considered to be a component of damages rather than interest as such. *Id.* at 18. We held that section 13–21–101 "codifies the moratory interest principle in those tort actions for personal injuries to which it applies." *Id.* at 19 (footnote omitted). We stated that "such *prejudgment interest is an element of compensatory damages* in actions for personal injuries, awarded to compensate the plaintiff for the time value of the award eventually obtained against the tortfeasor." *Id.* (emphasis added); *accord Heid v. Destefano*, 41 Colo.App. 436, 437, 586 P.2d 246, 247 (1978) ("The purpose of [section 13–21–101] is to compensate a successful plaintiff for the loss of the use of the money to which he has been entitled. Thus, prejudgment interest is an additional item of compensatory damages." (citation omitted)). *Cf. Coale*, 701 P.2d at 890 (same as to prejudgment interest awarded under different statute in products liability action).

Because the purpose of a punitive damage award is not to compensate the plaintiff, and a right to punitive damages does not exist until such damages are awarded by a trier of fact, to allow prejudgment interest on punitive damages would be inconsistent with the compensatory purpose of section 13–21–101. We are confident that the legislature intended no such inconsistency.

### D.

We also find it persuasive that the majority of jurisdictions that have addressed the issue recognize prejudgment interest as compensatory and exclude punitive damages from the basis for calculation of such interest. In denying prejudgment interest on punitive damages awarded in a patent suit, the United States Court of Appeals for the Federal Circuit stated that

> [p]rejudgment interest is awarded to the patent owner for the purpose of making him whole, not only for the value of the actual damage suffered but also for the loss of any possible use of the money between the time of the infringement and the date of the judgment. It is awarded to compensate for the delay in payment of the damages, and not to punish the infringer.

*Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389 (Fed.Cir. 1983) (citation omitted). The Eighth Circuit Court of Appeals interpreted Iowa law to preclude prejudgment interest on punitive damages in a diversity suit, stating that "[i]nterest is compensation for the deprivation of the use of money. Punitive damages do not accrue, however, until they are awarded in a judgment. It would be anomalous indeed to compensate the plaintiff for the deprivation of the use of money to which he has no claim of right." *Bagley v.*

---

4. "The term 'moratory' comes from French and Latin roots and means delay." Cairns and Tre-dennick, 15 Colo.Law. at 759 n. 8.

*Iowa Beef Processors, Inc.*, 755 F.2d 1300, 1320 (8th Cir.1985), *cert. denied*, 479 U.S. 1088, 107 S.Ct. 1293, 94 L.Ed.2d 150 (1987). The Massachusetts Supreme Court denied prejudgment interest on statutorily imposed punitive multiple damages in an unfair trade practices case, stating that "[t]he purpose of prejudgment interest under [the applicable statute] is 'to compensate a damaged party for the loss of use or the unlawful detention of money' ... not to penalize the wrongdoer, ... or to make the damaged party more than whole." *McEvoy Travel Bureau, Inc. v. Norton Co.*, 408 Mass. 704, 563 N.E.2d 188, 196 (1990) (quoting *Conway v. Electro Switch Corp.*, 402 Mass. 385, 523 N.E.2d 255, 258 (1988) (citations omitted). Other jurisdictions have reached similar conclusions. *E.g., Casto v. Arkansas–Louisiana Gas Co.*, 562 F.2d 622, 625–26 (10th Cir.1977) (applying Oklahoma law to preclude prejudgment interest on punitive damages); *Andersen v. Edwards*, 625 P.2d 282, 289 (Alaska 1981); *Ramada Inns, Inc. v. Sharp*, 101 Nev. 824, 711 P.2d 1, 2 (1985); *Belinski v. Goodman*, 139 N.J.Super. 351, 354 A.2d 92, 96 (1976); *D'Arc Turcotte v. Estate of LaRose*, 153 Vt. 196, 569 A.2d 1086, 1088 (1989); *Poling v. Wisconsin Physicians Service*, 120 Wis.2d 603, 357 N.W.2d 293, 298 (App. 1984). *Cf. Greenfield v. Spectrum Investment Corp.*, 174 Cal.App.3d 111, 219 Cal. Rptr. 805, 813–14 n. 4, 814 (1985) (statute authorizing prejudgment interest on "the judgment" in cases where judgment exceeds offer of judgment rejected by defendant bases the interest computation on the entire award of compensatory and punitive damages).

### E.

Bradley asserts that section 13–21–101 was intended not merely to compensate, but to provide incentive for rapid resolution and settlement. Bradley cites discussions before the House of Representatives on May 9 and May 24, 1979, on Senate Bill 463

that emphasize the need to amend section 13–21–101 to encourage settlement. The 1979 amendment to section 13–21–101, however, changed the beginning date of calculation of prejudgment interest from the date of filing to "the date the action accrued." Ch. 55, sec. 3, § 13–21–101, 1979 Colo.Sess.Laws 315, 316 (Senate Bill 463). The discussions address the need to discourage delay in settlement negotiations conducted prior to filing the action. By calculating interest from the date of injury instead of the date of filing, prompt settlement is encouraged. Although application of interest to punitive damages might further enhance this incentive to settle, the 1979 amendment changed only the period of interest accrual, not the type of damages to which interest is applied.

In contrast to section 13–21–101, the California statute interpreted to impose prejudgment interest on both compensatory *and* punitive damages expressly states that it applies if a settlement offer made by the plaintiff is not accepted within thirty days or prior to trial and the plaintiff receives a judgment more favorable than the amount for which the plaintiff had offered to settle. *Greenfield*, 219 Cal.Rptr. at 813 n. 4. Unlike section 13–21–101, the plain language of the California statute evinces an intent to encourage prompt settlement by basing the interest computation on the entire judgment.[5]

### III.

The court of appeals majority construed section 13–21–101(1), authorizing prejudgment interest, and section 13–21–102, authorizing punitive damages, together to arrive at the conclusion that the former statute provides for prejudgment interest on punitive damage awards. *Bradley*, 797 P.2d at 751–52. It first noted that a claim for exemplary damages is inextricably tied to the underlying claim for actual damages and therefore comprises only one component of a single claim for relief, citing

---

**5.** We noted in *Allstate* that although enhanced incentive for prompt settlement may be meritorious, prejudgment interest on compensatory damages nevertheless is itself compensatory, and must be included in the amount subject to the insurance policy limit on damages for bodily injury liability. We reasoned that we could not deny "our longstanding recognition that prejudgment interest is an element of damages." 797 P.2d at 20.

*Harding Glass Co. v. Jones*, 640 P.2d 1123 (Colo.1982). *Id.* at 751. The court of appeals further noted that exemplary damages may be awarded under section 13–21–102 based on willful and wanton conduct,[6] and that section 13–21–101(1) authorizes prejudgment interest for damages for personal injuries caused by torts involving willful intent. *Id.* at 751–52. Discerning no difference between the mental state required for willful conduct under the exemplary damages statute and that necessary to establish willful intent under the prejudgment interest statute, the court held that whenever willful and wanton conduct is established, willful intent is as well. *Id.* From this analysis the court of appeals drew the conclusion that whenever an award of punitive damages is authorized under section 13–21–102, the right to prejudgment interest on any such award automatically follows under section 13–21–101. *Id.* We do not find the reasoning on which the court of appeals based its decision persuasive.

The fact that both punitive and compensatory damages are part of a single claim for relief tied to a single act of negligence lacks relevance to the question whether prejudgment interest is to be calculated on both components of a damages award. It does not alter the fact that the two types of damages are awarded for different purposes. As analyzed in previous sections of this opinion, we have long considered prejudgment interest to be awarded as compensation for the delay in payment of damages for an earlier-incurred injury. Under section 13–21–101, such damages may be incurred as the result of a tort involving either negligence or willful intent. The statute cannot be read to say that all damages of any kind, including punitive damages, stemming from a tort involving willful intent are to bear prejudgment interest. Absent an express indication of legislative intent to deviate from the principle that prejudgment interest is compensatory, we construe section 13–21–101(1) to limit the base upon which prejudgment interest is to be calculated to "damages for personal injuries sustained," i.e., compensatory damages.

In reaching its conclusion, the court of appeals also rejected the trial court's reliance on *Jacobs*. *Bradley*, 797 P.2d at 752. In *Jacobs* the court of appeals held that prejudgment interest does not apply to punitive damages in a personal injury action, citing *Coale v. Dow Chemical Co.*, 701 P.2d 885 (Colo.App.1985). *Jacobs*, 738 P.2d at 13. The court of appeals in the present case noted that *Coale* based its conclusion that prejudgment interest does not apply to punitive damages on interpretation of section 5–12–102, 2 C.R.S. (1984 Supp.), a statute applicable to product liability actions and other proceedings not including personal injury. *Bradley*, 797 P.2d at 752. Thus, the court concluded that the extension of *Coale* in *Jacobs* to a personal injury action was erroneous. *Id.* We disagree. In *Coale* the court of appeals based its conclusion on the compensatory nature of prejudgment interest, not on the specific language of section 5–12–102. 701 P.2d at 890. We agree, therefore, with the reasoning of the court in *Coale*, and with the extension of that reasoning to construction of section 13–21–101, applicable to personal injury actions, in *Jacobs*.[7]

6. The court of appeals relied on the current version of § 13–21–102 which employs the standards of "circumstances of fraud, malice, or willful and wanton conduct." § 13–21–102, 6A C.R.S. (1987). The version in effect at the time relevant to this case used the standards, "circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings." § 13–21–102, 6 C.R.S. (1973). The differences in terminology are not so substantial as to suggest that the court of appeals' reasoning would have been different had it been based on the language of the older statute.

7. The court of appeals found *Coale* unpersuasive because it was a commercial property damage matter and not a personal injury claim, with the result that the controlling statute was § 5–12–102, 2 C.R.S. (1984 Supp.), not § 13–21–101. It then found *Jacobs* unpersuasive because it simply relied on *Coale* without analyzing the differences between the two statutes. § 5–12–102 provided for interest on money or property "'wrongfully withheld,' in an amount which 'fully recognizes the gain or benefit realized by the person withholding such money....'" *Coale*, 701 P.2d at 890 (quoting § 5–12–102, 2 C.R.S. (1984 Supp.)). Although the statute applicable

We conclude that the court of appeals erred in declining to follow *Jacobs*. *See Bradley*, 797 P.2d at 751.

### IV.

We are persuaded that section 13–21–101 was enacted to ensure full compensation for loss resulting from personal injury. As an element of compensation, the prejudgment interest authorized does not apply to punitive damages. We therefore reverse the judgment of the court of appeals and direct that the judgment of the district court be affirmed.

in *Coale* is very different from § 13–21–101, it expressly sets forth the basis for allowance of prejudgment interest that we find expressed less explicitly in § 13–21–101 and that provides the compensatory policy and intent underlying.that latter statute. Accordingly, for reasons expressed in this opinion, *Coale* has relevance and *Jacobs* reached the correct result without discussing the differences between the two statutes.