**Monica David VICKERY, Petitioner**

v.

**Kerry Vickery EVANS as Personal Representative of the Estate of Marry Gayle Vickery, Respondent.**

**No. 10SC281.**

Supreme Court of Colorado, En Banc.

Dec. 12, 2011.

Gregory R. Giometti & Associates, P.C., Gregory R. Giometti, Carl W. Dowdy, Denver, Colorado, Dietze and Davis, P.C., Renee E. Ezer, Boulder, Colorado, Attorneys for Petitioner.

Stevens, Littman, Biddison, Tharp & Weinberg LLC, Dennis J. Tharp, Jessica H. Catlin, Boulder, Colorado, Attorneys for Respondent.

Husch Blackwell LLP, Christopher L. Ottele, Christopher Brady, Denver, Colorado, Attorneys for Amicus Curiae Colorado Civil Justice League.

Justice COATS delivered the Opinion of the Court.

Monica Vickery petitioned for review of the court of appeals judgment affirming the district court's reduction of exemplary damages in her defamation suit against the mother and sister of her deceased husband. *See Vickery v. Vickery*, 271 P.3d 516, 2010 WL 963204 (Colo.App.2010). Both the district court and court of appeals understood section 13–21–102 of Colorado's revised statutes to limit Vickery's exemplary damages to an amount equal to the compensatory damages figure returned by the jury, before any adjustment for prejudgment interest.

Because "the amount of the actual damages awarded," to which "reasonable exemplary damages" are statutorily limited, refers not to the jury's assessment of total compensatory damages but to the compensatory damages awarded against the defendant as the direct result of that assessment, which necessarily include statutorily mandated prejudgment interest, the judgment of the court of appeals is reversed and the case is remanded for further proceedings consistent with this opinion.

## I.

After the death of her husband and contentious litigation concerning the disposition of his property, Monica David Vickery filed suit against her deceased husband's mother and sister for malicious prosecution and defamation.[1] At the conclusion of a ten-day trial, the jury returned verdicts for the plaintiff on one claim of malicious prosecution and multiple claims of defamation, finding exemplary damages in excess of compensatory damages on a number of the defamation claims. As pertinent to the issue before this court, the plaintiff argued in her motion for entry of judgment that the district court was obligated to add statutorily mandated prejudgment interest to the jury's assessment of compensatory damages in order to determine the "actual damages" to which exemplary damages would be statutorily limited.

Implicitly denying the plaintiff's motion, the district court entered judgment for exemplary damages on each of the claims in an amount equal only to the compensatory damages assessed by the jury, without further adjustment. It then added prejudgment interest to the amount of compensatory damages assessed by the jury, solely for the purpose of determining the plaintiff's full compensatory damages award.

The court of appeals affirmed, reasoning that because "reasonable exemplary damages" are statutorily precluded from exceeding the amount of "actual damages," for the trial court to have included prejudgment interest in the calculation of "actual damages" would have been tantamount to allowing prejudgment interest on the exemplary damages themselves and would conflict with our holdings in *Lira v. Davis*, 832 P.2d 240, 246 (Colo.1992), and *Seaward Constr. Co. v. Bradley*, 817 P.2d 971, 979 (Colo.1991).

Vickery petitioned for review of the court of appeals judgment in this regard.

## II.

In its statutory scheme regulating civil damages in this jurisdiction, the legislature continues to permit awards of exemplary damages in certain kinds of cases and under certain circumstances, but since 1986, even in those cases, exemplary damages have been limited to an amount equal to the amount of the actual damages awarded to the injured party. *See* § 13–21–102, C.R.S. (2011).[2] With regard to actions to recover damages for negligence resulting in death or injury to person or property, the legislature also limits a defendant's liability for damages in proportion to the negligence of the victim. *See* § 13–21–111, C.R.S. (2011) (comparative negligence). Similarly, in all actions brought as the result of death or injury to a person or property, the legislature limits an individual defendant's liability for damages to the injury or damage actually resulting from his own fault by requiring an assessment of the damage produced through the fault of others, as distinguished from the defendant. *See* § 13–21–111.5, C.R.S. (2011) (pro rata liability).

In *Lira*, we found that the "damages" to which the comparative negligence and pro rata liability provisions apply do not include exemplary damages. 832 P.2d at 246. We reasoned there that it is only compensatory damages that sections 13–21–111 and 111.5 operate to reduce in proportion to assigned fault, such that a negligent plaintiff remains responsible for an amount of incurred actual damages in proportion to the fault assigned to him, and each defendant is liable only for that percentage of the total actual damages apportioned to him in accordance with his fault. *Id.* at 242. By contrast, exemplary, or punitive, damages are imposed to punish and

1. At some point the mother died and was therefore not a party to the court of appeals judgment petitioned from here. During the pendency of Vickery's appeal to this court, the sister died, and the personal representative of her estate was substituted as respondent.

2. Section 13–21–102(1)(a) reads:
   In all civil actions in which damages are assessed by a jury for a wrong done to the person or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages. The amount of such reasonable exemplary damages shall not exceed an amount which is equal to the amount of the actual damages awarded to the injured party.

set an example rather than to compensate the injured party for the wrong done. *Id.* at 243; *Seaward,* 817 P.2d at 975.

In *Lira,* however, we also found that when the legislature tied exemplary damages to actual, or compensatory, damages, it intended only those compensatory damages for which the defendant was himself responsible—not all damages actually sustained by the victim where some portion of those damages was the fault of the victim himself or someone else. 832 P.2d at 246. Therefore, while exemplary damages, in contrast to compensatory damages, are not directly reduced in proportion to the comparative negligence of the victim or the pro rata liability of other parties, "actual damages," the upper limit at which exemplary damages are capped, have already been reduced, according to the dictates of sections 13–21–111 and 111.5, to reflect only those compensatory damages for which the defendant is personally liable.

The legislature separately provides for the addition of interest, calculated at a specified rate, to the amount of damages assessed in actions to recover for personal injuries sustained as the result of tortious conduct. *See* § 13–21–101, C.R.S. (2011).[3] In the context of a cause of action accruing prior to the imposition of any statutory cap on exemplary damages, we considered the applicability of section 101 to section 102(1)(a), the exemplary damages provision, and concluded that the legislature had authorized prejudgment interest only for compensatory damages. *Sea-*

*ward,* 817 P.2d at 976. Reasoning that the addition of prejudgment interest to compensatory damages recognizes that the loss caused by the tortious conduct occurred at the time of the resulting injury but that the damages paid to compensate for that loss are not received by the injured party until later, we concluded that allowing prejudgment interest on compensatory damages is necessary to make the plaintiff whole. *Id.* at 975; *see also Allstate Ins. Co. v. Starke,* 797 P.2d 14, 19 (Colo.1990). The same could not, however, be said of exemplary, or punitive, damages, which are awarded to punish the wrongdoer and deter similar acts rather than to compensate the victim for his injuries. *Seaward,* 817 P.2d at 975.

Less than a year later, this time in the context of a cause of action accruing after the amendment of section 13–21–102(1)(a) to include a cap on exemplary damages, we reaffirmed *Seaward's* conclusion that it would be inconsistent with the compensatory purposes of section 13–21–101 to allow prejudgment interest on exemplary damages. *See Lira,* 832 P.2d at 246. However, in *Lira* we nowhere suggested that the legislature intended to limit exemplary damages to the value of the victim's injuries at the time of the loss rather than the actual damages the defendant is ultimately ordered to pay in compensation for the injuries he caused. Quite the contrary, the rationale of *Lira* virtually compels the opposite conclusion. In *Lira,* despite making clear that exemplary damages are not themselves subject to reduction for

---

**3.** Section 13–21–101(1) reads:

In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership, whether by negligence or by willful intent of such other person, corporation, association, or partnership and whether such injury has resulted fatally or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged from the date said suit is filed; and, on and after July 1, 1979, it is lawful for the plaintiff in the complaint to claim interest on the damages claimed from the date the action accrued. When such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action to add to the amount of damages assessed by the verdict of the jury, or found by the court, interest on such amount calculated at

the rate of nine percent per annum on actions filed on or after July 1, 1975, and at the legal rate on actions filed prior to such date, and calculated from the date such suit was filed to the date of satisfying the judgment and to include the same in said judgment as a part thereof. On actions filed on or after July 1, 1979, the calculation shall include compounding of interest annually from the date such suit was filed. On and after January 1, 1983, if a judgment for money in an action brought to recover damages for personal injuries is appealed by the judgment debtor, interest, whether prejudgment or postjudgment, shall be calculated on such sum at the rate set forth in subsections (3) and (4) of this section from the date the action accrued and shall include compounding of interest annually from the date such suit was filed.

comparative negligence or pro rata liability, we nevertheless found that in limiting exemplary damages to the same amount as actual damages, the legislature merely expressed an intent not to permit exemplary damages in an amount greater than the compensatory damages actually owed by the defendant. *Id.* The amount of compensatory damages actually owed by the defendant, however, necessarily includes not only a reduction of total compensatory damages to account for the comparative negligence of the victim and the liability of others but also an upward adjustment of that figure to account for the time value of money by adding prejudgment interest.

By capping exemplary damages at an amount equal to the compensatory damages actually owed by the defendant, the legislature in no way altered the validity of *Seaward's* determination that prejudgment interest is not separately owed on exemplary damages. It did, however, alter the impact of prejudgment interest on exemplary damage awards in some cases. With respect to exemplary damage verdicts equaling or falling below actual damages, the effect of disallowing prejudgment interest remains unchanged. With respect to exemplary damage verdicts exceeding actual damages, while exemplary damages are similarly not increased for prejudgment interest and are in fact now statutorily reduced to the level of actual damages, the addition of prejudgment interest to compensatory damages impacts the amount of the required reduction. This effect results, however, from the legislature's choice to preclude punishment in any amount greater than the compensatory damages for which the defendant is ultimately responsible—not from any direct adjustment to exemplary damages to account for the time value of the exemplary damages award.

The court of appeals acknowledged the logical impact of our reasoning in *Lira* but simply declined to apply that reasoning to prejudgment interest in the absence of any more express statutory direction, largely because it believed to do so would be tantamount to calculating prejudgment interest on exemplary damages, contrary to our holdings in *Seaward* and *Lira*. Given our determina-

tion in *Lira,* however, that the legislature limited "actual damages" to only those damages for which the defendant is actually liable as compensation for the injuries he caused, an adjustment of compensatory damages for prejudgment interest before any reduction of exemplary damages follows inexorably, without more specific statutory direction. Treating prejudgment interest as a component part of "actual damages" no more amounts to granting prejudgment interest on exemplary damages than accounting for comparative negligence and pro rata liability in calculating "actual damages" amounts to directly reducing exemplary damages for the fault of the victim or other parties.

The amount of compensatory damages ultimately awarded against the defendant is positively and invariably determined by the jury's assessment of total compensatory damages and its allocation of fault among the defendant, the victim, and any responsible third parties. It is inconsequential to the ultimate determination of this amount whether the statutorily mandated arithmetic calculations producing a final figure are made by the court or by the jury itself, after proper instruction. The award of compensatory damages against the defendant, as required by the application of statutorily mandated additions and reductions to the jury's assessment of total damages suffered by the victim, is the jury's award of actual damages as contemplated by section 13–21–102(1).

### III.

■ Because "the amount of the actual damages awarded," to which "reasonable exemplary damages" are statutorily limited, refers not to the jury's assessment of total compensatory damages but to the compensatory damages awarded against the defendant as the direct result of that assessment, which necessarily include statutorily mandated prejudgment interest, the judgment of the court of appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

Justice EID dissents.

Justice EID, dissenting.

Today the majority allows an award of exemplary damages under section 13–21–102(1)(a), C.R.S. (2011), to be set at the amount of the jury's award of actual damages *plus* prejudgment interest on that amount as awarded by the court. In my view, the majority's interpretation is misguided for two reasons. First, it conflicts with the language of section 13–21–102(1)(a), which caps exemplary damages at the amount of actual damages awarded by the "jury," not the court. Second, it permits prejudgment interest to be paid on exemplary damages in direct conflict with our holdings in *Lira v. Davis,* 832 P.2d 240 (Colo.1992), and *Seaward Construction Company, Inc. v. Bradley,* 817 P.2d 971 (Colo.1991). For these reasons, I respectfully dissent from the majority opinion.

Section 13–21–102(1)(a) provides that:

In all civil actions in which damages are assessed *by a jury* for a wrong done to the person ..., and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct, *the jury,* in addition to the actual damages sustained by such party, may award him reasonable exemplary damages. The amount of such reasonable exemplary damages shall not exceed an amount which is equal to *the amount of the actual damages awarded to the injured party.*

(Emphasis added). Under this language, the "amount of such reasonable exemplary damages" is to be equal to "the amount of the actual damages awarded." The question here is whether the "amount of the actual damages awarded" is the amount awarded by the jury, or the amount of the jury award together with prejudgment interest on that award set by the court. In my view, the statutory language compels the former result, and precludes the latter.

The language of section 13–21–102(1)(a) makes plain that the "amount of the actual damages awarded to the injured party" referred to in the last sentence is the amount set by the jury. Indeed, the first sentence of the section refers to "damages ... assessed *by a jury* for a wrong done to the person," and again refers to "the jury" in describing the circumstances under which exemplary damages may be awarded. The entire section, then, is grounded in the award as determined by the "jury." Thus, the "amount of the actual damages awarded to the injured party" in the last sentence naturally refers to the damage award set by the jury in the first sentence.

In contrast, it is the duty of the court to determine the amount of prejudgment interest that is due on the award. The prejudgment interest statute, section 13–21–101(1), instructs that "[w]hen such [prejudgment] interest is so claimed, *it is the duty of the court* in entering judgment for the plaintiff in such action to add to the amount of damages assessed *by the verdict of the jury* ... interest on such amount...." § 13–21–101(1), C.R.S. (2011) (emphasis added). Because the court, rather than the jury, assesses prejudgment interest and adds that amount to the jury award, such prejudgment interest should not be included in the "amount of the actual damages awarded to the injured party" that serves as the cap on exemplary damages. Nothing in the language of section 13–21–102(1)(a) suggests that an add-on amount assessed by the court should be included in the "amount of the actual damages awarded to the injured party" by the jury; indeed, the term "court" does not even appear in the section.

The majority comes to the opposite conclusion, however, and holds that the jury's award plus the court-set prejudgment interest amount should define the benchmark for exemplary damages. Importantly, absent from the majority's analysis is any attempt to interpret the actual language of section 13–21–102(1)(a), or to consider its repeated references to the "jury." Instead, the majority relies on our decision in *Lira v. Davis* for the proposition that the "amount of the actual damages awarded to the injured party" is the amount that the defendant is "ultimately ordered to pay." Maj. op. at 393. This interpretation of *Lira* does not, in my view, withstand closer scrutiny.

*Lira* examined whether the cap on exemplary damages should be set at the amount awarded by the jury, or that amount adjusted to take into account the jury's determina-

tion of comparative negligence and pro rata liability. We concluded that exemplary damages should be assessed according to the jury's award as adjusted for comparative negligence and pro rata liability. 832 P.2d at 246. Significantly, however, we did not hold that the "amount of the actual damages awarded to the injured party" means the amount after the court has made any and all adjustments to the award, as the majority suggests. Instead, the particular adjustments made in *Lira*—that is, to accommodate the jury's determination of comparative negligence and pro rata liability—were an integral part of the jury's award. *See id.* at 241 (describing the percentage of negligence allocated by the jury); *id.* at 242 (noting that "each defendant will be liable for the percentage of the total actual damages in accordance with the fault apportioned him by the jury"). Thus, we recognized that it was necessary for the court to adjust the jury's gross award by the jury's apportionment of fault to determine the "amount of the actual damages awarded to the injured party." *Id.* at 245 (noting that "the reference to damages awarded equates to the reduced compensatory amount"). The important lesson from *Lira* is that *the jury's* gross award had to be reduced by *the jury's* apportionment of fault.[1]

The majority opinion not only fails to accord with section 13–21–102(1)(a)'s language, it runs afoul of the second holding of *Lira*—that "prejudgment interest does not apply to punitive damages." *Id.* at 246; *see also id.* ("exemplary damages are not subject to prejudgment interest"). In coming to this conclusion, we cited to our earlier case of *Seaward Construction Company, Inc. v. Bradley* in which we discussed the rationale for finding prejudgment interest inapplicable to exemplary damage awards—namely, "[b]ecause the purpose of a punitive damage award is not to compensate the plaintiff, and [because] a right to punitive damages does not exist until such damages are awarded by a trier of fact...." 817 P.2d at 976. The practical effect of the majority's approach is that pre-

judgment interest is assessed on exemplary damages. For example, if a jury assesses $100 in actual damages, and the court adds $10 in prejudgment interest to the actual damage award, under the majority's approach, exemplary damages would be capped at $110. To put it differently, it is as if the defendant is paying $100 in exemplary damages and $10 in prejudgment interest on those exemplary damages—directly in conflict with *Lira* and *Seaward*. The majority suggests that the legislature, through adopting the language of section 13–21–102(1)(a), "in no way altered the validity of *Seaward*'s determination that prejudgment interest is not separately owed on exemplary damages," but it did "alter the impact of prejudgment interest on exemplary damage awards in some cases." Maj. op. at 394. However, the majority's perceived legislative limitation on *Seaward*'s principle is simply a product of its own misreading of section 13–21–102(1)(a) as "capping exemplary damages at an amount equal to the compensatory damages actually owed by the defendant," *id.*, and, hence, is wholly unnecessary.

Finally, as the majority correctly points out, prejudgment interest is necessary to make the injured party whole, as it compensates her for the fact that the injury occurred long before the damages are paid. *Id.* at 393; *Seaward*, 817 P.2d at 975; *Allstate Ins. Co. v. Starke*, 797 P.2d 14, 19 (Colo.1990). But the fact that prejudgment interest is "an element of compensatory damages," *Allstate*, 797 P.2d at 19, does not change the language of section 13–21–102(1)(a), which caps exemplary damages at the award as set by the jury, not the court. Because the majority opinion reads the references to the "jury" out of section 13–21–102(1)(a), and assesses prejudgment interest on exemplary damages in clear conflict with *Seaward* and *Lira*, I respectfully dissent from its opinion.

---

1. Thus, although the dissenting opinion in *Lira* was correct that "actual damages awarded to the injured party" in section 13–21–102(1)(a) "means those damages assessed and awarded by the jury," 832 P.2d at 247 (Erickson, J., dissent-

ing), application of that meaning to the jury award at issue in *Lira* would include, as the majority opinion in the case holds, adjustment of the award to reflect the jury's apportionment of fault.