OPINION
 

 By the Court,
 

 Maupin, J.:
 

 Montgomery Lowe filed suit in district court against Robert Louis Olivero, alleging separate causes of action for assault, battery, and intentional infliction of emotional distress. Following a bench trial, the district court awarded Lowe compensatory damages totaling $10,000.00, and imposed punitive damages in the amount of $45,000.00. On appeal, in Docket No. 32485, Olivero seeks reversal on several grounds: (1) failure of predicate proof to substantiate any award of compensatory damages; (2) improper review by the district court of companion criminal proceedings; (3) refusal by the district court to allow closing argument; (4) Lowe’s failure to serve a trial memorandum submitted to the trial judge per EDCR 7.27; and (5) improper imposition of punitive damages. In Docket No. 32753, Lowe appeals from the district court’s order denying attorney’s fees under Nevada Arbitration Rule (NAR) 20 and NRCP 37(c).
 

 FACTS
 

 On July 10, 1994, Olivero appeared at a construction site where he was building a home. Olivero confronted Lowe, a laborer on the project, about the fact that construction was behind
 
 *398
 
 schedule. Without apparent provocation, Olivero brandished a handgun and punched Lowe in the face. According to Lowe, Olivero then pointed the weapon at Lowe’s head, threatened to take Lowe’s life, and forced Lowe to dismantle a portion of the completed work.
 

 Lowe claimed at trial that he experienced pain and suffering, contusions and emotional distress as a result of the physical battery upon him. Additionally, Lowe claimed severe emotional distress as a result of the assault with the handgun, and being forced to perform labor under threat to his life. Lowe sought no medical or psychological treatment for the physical and emotional damages claimed in connection with the subject incident.
 

 Both parties participated in court annexed arbitration proceedings. After the arbitrator awarded Lowe $3,500.00, Olivero requested a trial de novo in district court.
 
 See
 
 NAR 18 and 20.
 

 Following a bench trial, the district court entered findings of fact and conclusions of law,
 
 inter alia,
 
 that Olivero had committed the torts of battery, assault, and intentional infliction of emotional distress. The district court awarded $5,000.00 on the battery claim, and $5,000.00 in connection with the assault. No additional damages were awarded on the separate claim of intentional infliction of emotional distress on the theory that the damages stemming from that claim were included within the assault and battery awards. The district court also imposed punitive and exemplary damages in the amount of $45,000.00, finding that Olivero had acted with malice and oppression.
 

 DISCUSSION
 

 Docket No. 32485
 

 Compensatory damages
 

 Olivero contends that Lowe failed to present sufficient evidence upon which to base an award of compensatory damages. He places primary reliance on our decision in Barmettler v. Reno Air, Inc., 114 Nev. 441, 956 P.2d 1382 (1998), in which we expanded on our prior decisions discussing independent claims of emotional distress. In
 
 Barmettler,
 
 we observed:
 

 To establish a cause of action for intentional infliction of emotional distress, Barmettler must establish the following:
 

 (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff’s having suffered severe or extreme emotional distress and (3) actual or proximate causation.
 

 
 *399
 
 Star v. Rabello, 97 Nev. 124, 125, 625 P.2d 90, 91-92 (1981) (citations omitted).
 

 Negligent infliction of emotional distress
 

 We first examined negligent infliction of emotional distress for negligent acts committed directly against a plaintiff in Chowdhry v. NLVH, Inc., 109 Nev. 478, 851 P.2d 459 (1993). In
 
 Chowdhry,
 
 we observed:
 

 We have not previously had occasion to decide whether a plaintiff may recover for negligent infliction of emotional distress for negligent acts committed directly against the plaintiff. In
 
 State v. Eaton,
 
 we first recognized a cause of action for negligent infliction of emotional distress where a bystander suffers “serious emotional distress which results in physical symptoms caused by apprehending the death or serious injury of a loved one due to the negligence of the defendant.” The “physical impact” requirement has also been applied where, as here, the negligent act is alleged to have been committed directly against the plaintiff.
 

 In the present case, Chowdhry’s emotional distress claims are premised upon respondents’ accusations of patient abandonment. Chowdhry testified that as a result, “he was very upset” and could not sleep. Insomnia and general physical or emotional discomfort are insufficient to satisfy the physical impact requirement.
 

 Id.
 
 at 482-83, 851 P.2d at 462 (citations omitted). We ultimately embraced this doctrine in Shoen v. Amerco, Inc., Ill Nev. 735, 748, 896 P.2d 469, 477 (1995).
 

 Barmettler argues that the physical impact requirement is not mandatory in emotional distress claims. While we agree that “emotional overlay” claims, as has been the rule for many years, may be brought in the context of physical injury claims arising from a physical impact, we take this opportunity to clarify
 
 Chowdhry’s
 
 implication that a “physical impact’ ’ may be required in cases brought under
 
 Shoen.
 
 We therefore hold that, in cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of “serious emotional distress” causing physical injury or illness must be presented.
 

 Id.
 
 at 447-48, 956 P.2d at 1386-87.
 

 
 *400
 
 Lowe argues that there was a sufficient showing of damages under
 
 Barmettler,
 
 particularly given the physical impact proved with regard to the battery claim. Lowe further argues that
 
 Barmettler
 
 should not be read so as to outright deny emotional distress claims stemming from a bare assault. We take this opportunity to clarify and limit the scope of our ruling in
 
 Barmettler.
 
 Although Lowe required no medical or psychological treatment, we conclude that the district court properly awarded Lowe compensatory damages arising from both the assault and the battery.
 

 First, there was a physical' impact that provided the objective predicate for personal injury and emotional distress recovery in connection with the battery claim. Second, the nature of a claim of assault is such that the safeguards against illusory recoveries mentioned in
 
 Barmettler
 
 and
 
 Chowdhry
 
 are not necessary. Third, claims for assault and battery provide the outer limits of extreme outrage. Thus, an assault, a tort that does not require a physical impact, is in and of itself a predicate for an award of nominal or compensatory damages without proof of “serious emotional distress.” Thus, the standard of proof for emotional distress damages arising from assault and battery is not as stringent as the standard of proof requirement for bare claims of intentional or negligent infliction of emotional distress.
 
 See
 
 Harrison v. Mitchell, 391 So. 2d 1038, 1040 (1980) (holding that a jury may award nominal or compensatory damages for an assault where the only injury was insult, indignity, hurt feelings, mental suffering and fright caused by the assault) (citing Republic Iron & Steel Co. v. Self, 68 So. 328 (1915));
 
 see also
 
 Restatement (Second) of Torts § 46 cmt. k (1986);
 
 [1]
 
 W. Page Keeton et al., Prosser and Keeton on the Law of Torts (5th ed. 1984 & Supp. 1988);
 
 compare
 
 W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 10, at 43 (5th ed. 1984 & Supp. 1988), Assault (“since assault ... is essentially a mental rather than a physical invasion, it follows that the damages recoverable for it are those for mental disturbance, ... as well as any physical illness”)
 
 with
 
 Keeton et al., § 12, at 64, Infliction of Mental Distress (“[a] few cases have said
 
 *401
 
 flatly that physical illness or some other nonmental damage is essential to the existence of the tort [IIED]”).
 

 Lowe testified that he still experiences the terror of the incident through extreme nervousness, and that he has been forced to discontinue his independent contractor business out of fear of working in an unsecure environment.
 

 It is the function of the trier of fact to award compensatory damages, and it is not the role of the appellate court to substitute its judgment for that of the trier of fact.
 
 See
 
 Villella v. Waikem Motors, Inc., 543 N.E.2d 464, 469 (Ohio 1989). There is no evidence to indicate that the damage awards to Lowe were excessive. Certainly the circumstances at issue were extreme enough to stimulate the extent of emotional distress described. Therefore, we conclude that the compensatory awards totaling $10,000.00 were not excessive.
 
 [2]
 

 Companion criminal proceedings
 

 Olivero was charged in separate criminal proceedings with misdemeanor assault and battery. He contends that a review of the companion criminal proceedings against him by the district court deprived him of a fair trial. However, it was Olivero’s attorney who first made reference to the criminal proceedings:
 

 Q. [Peccole] Sir, you [Olivero] testified that—were you charged with anything as a result of this incident?
 

 A. [Olivero] Yes. I was charged with, I think assault and battery and aiming a weapon.
 

 Q. And what were the results of those charges?
 

 A. They were dismissed and I was—I had to pay a thousand dollar donation.
 

 It was only after Olivero’s response, which Lowe argues was not accurate, that the district court elected to review the entire criminal record. After viewing the record, the district court determined that all evidence in regard to Olivero’s criminal case would be stricken.
 

 We conclude that Olivero was not harmed by the review of the companion criminal proceedings. In a jury trial, the judge’s withdrawal of evidence coupled with a cautionary instruction would
 
 *402
 
 have cured any error.
 
 See
 
 State v. Heisdorffer, 164 N.W.2d 173, 176 (Iowa 1969). In the absence of a jury, the district judge was certainly able to resolve the matter without considering the excluded criminal record.
 

 Refusal to allow closing argument
 

 Olivero contends that the district court erred in refusing his request to present closing arguments. The decision whether to allow or refuse closing argument during a bench trial is entirely within the discretion of the district court.
 
 See
 
 Gunn v. Superior Court, 173 P.2d 328 (Cal. 1946). Thus, we conclude that the district court did not err in refusing Olivero’s request in this regard.
 

 “Blind” trial memoranda
 

 Early in the proceedings, counsel for Lowe lodged a “blind” trial brief with the district court under EDCR 7.27.
 
 [3]
 
 Because Lowe provided a copy of the trial memorandum to Olivero’s counsel as the judge was leaving the bench following the rendition of his decision, Olivero claims that Lowe violated EDCR 7.27.
 

 We conclude that service of the trial memorandum was late. However, this error in the proceedings does not compel reversal because the error would not have affected the outcome of the trial.
 
 See
 
 El Cortez Hotel, Inc. v. Coburn, 87 Nev. 209, 484 P.2d 1089 (1971); NRCP 61.
 

 Punitive damages
 

 Olivero also contends that the district court erred in its award of punitive damages. More particularly, Olivero claims that the district court failed to take into account Olivero’s financial position at the time of trial in 1998, used the value of community property as proof of Olivero’s net worth, and awarded the punitive damages under the influence of passion and prejudice.
 

 We conclude that the district court did not fail to take into consideration Olivero’s current financial position as of the date of
 
 *403
 
 trial. The district court chose to rely upon a 1996 loan application prepared by Olivero, rather than a financial statement provided by Olivero dated March 28, 1998. The district judge found Olivero’s 1998 financial statement to be untruthful and observed that Olivero was “one of the least credible witnesses” he had ever heard testify in his court.
 

 The record supports the district court’s conclusions in this regard. Olivero testified at trial to a net worth of between $150,000.00 and $200,000.00. This was in direct conflict with the 1998 financial statement he submitted, and in direct conflict with his testimony that the only financial setback encountered between 1996 and 1998 totaled some $400,000.00. This and other discrepancies rendered relevant the earlier statement of net worth. It is within the province of the fact finder to weigh the evidence, determine the credibility, and act upon such conclusions.
 
 See
 
 Paul Andre B. v. State, 108 Nev. 368, 371, 830 P.2d 1344, 1346 (1992). Here, the prior loan application contained competent evidence demonstrating Olivero’s net worth. Further, as noted below, the district court imposed these damages with an understanding that the 1996 net worth of 1.3 million dollars could be reduced by an amount in excess of the $400,000.00 financial reversal. Thus, the district court acted well within its discretion in rejecting Olivero’s evidence on this point.
 
 See
 
 Ramada Inns v. Sharp, 101 Nev. 824, 826, 711 P.2d 1, 2 (1985) (holding that the allowance or denial of punitive damages rests entirely in the discretion of the trier of fact).
 

 We also conclude that the district court recognized that Olivero’s net worth included community property. In reaching its decision the district court found that the “appropriate amount of punitive damages under this case, even if it [sic] is community property, is $45,000.” Additionally, the judgment below specifically provides that Olivero “has a net worth, held in community property with his wife, of at least $880,000.” We conclude that, assuming Olivero’s portion of the community estate was half the $880,000.00 amount, the punitive award was not excessive. Therefore, it is clear that the district court took into account the appropriate portion of Olivero’s net worth after deducting the $400,000.00 financial reversal, and excluding his wife’s interest in their community estate, in its award of punitive damages.
 

 We conclude that Olivero failed to demonstrate that the punitive damages were awarded under the influence of passion or prejudice. Further, the only evidence Olivero offers for support is that the district court asked him additional questions and threatened
 
 *404
 
 him with contempt if he continued to fail to bring required documents. This evidence is insufficient to demonstrate that the district court was somehow prejudiced against Olivero. Finally, the totality of the evidence against Olivero, which the district court had the discretion to accept, demonstrated an outrageous and ill-advised exercise of physical domination over a person who was only trying to explain delays in the construction of Olivero’s construction project.
 

 Docket No. 32753
 

 In his separate appeal, Lowe contends that he was entitled to attorney’s fees under NAR 20(A), which states:
 

 Except as otherwise provided in this subsection, if the amount of the award in the trial de novo does not. . . reduce the liability imposed on [the party requesting trial de novo] by the arbitration award, the party requesting the trial de novo
 
 must
 
 pay to the adverse parties all . . . actual attorney’s fees associated with the prosecution ... of the trial de novo. Awards of attorney’s fees may not exceed the total amount of $3,000 unless the court finds extraordinary circumstances justifying a higher award.
 

 (Emphasis added.) The arbitrator awarded Lowe $3,500.00 in damages. Thereafter, the district court entered judgment in favor of Lowe totaling $10,000.00 in compensatory damages and $45,000.00 in punitive damages. We therefore conclude that Lowe was entitled to mandatory attorney’s fees up to $3,000.00 under NAR 20 because Olivero clearly failed to improve upon the arbitration award. This award is independent of NRS 18.010(2)(a), which precludes fees under that provision where the recovery, exclusive of costs, exceeds $20,000.00.
 
 See Barmettler,
 
 114 Nev. at 452, 956 P.2d at 1389.
 

 Lowe also contends that the district court abused its discretion in denying Lowe’s request for attorney’s fees as sanctions under NRCP 37(c) for failure to admit disputed substantive facts in connection with the parties’ confrontation on July 10, 1994. NRCP 37(c) provides:
 

 If a party fails to admit ... the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves ... the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney’s fees. The court shall
 
 *405
 
 make the order unless it finds that there was good reason for the failure to admit.
 

 We conclude there was no error in the district court’s refusal to sanction Olivero under NRCP 37(c). Lowe’s requests to admit required Olivero to admit to crucial facts central to the lawsuit.
 
 See
 
 Morgan v. Demille, 106 Nev. 671, 675, 799 P.2d 561, 564 (1990) (holding that NRCP 36 is designed to elicit admissions of fact as to which there is no real dispute and which the adverse party can admit cleanly, without qualification).
 

 We have reviewed all other contentions brought forth in these appeals and determine them to be without merit.
 

 Based on the foregoing discussion, we reverse the district court’s order denying appellant attorney’s fees and remand this order to the district court for entry of an award of attorney’s fees under NAR 20. In all other respects, the judgment below is affirmed.
 

 Shearing and Becker, JL, concur.
 

 [1]
 

 Restatement (Second) of Torts § 46 cmt. k states:
 

 The rule stated is not, however, limited to cases where there has been bodily harm; and if the conduct is sufficiently extreme and outrageous, there may be liability for the emotional distress alone, without such harm. In such cases the courts may perhaps tend to look for more in the way of outrage as a guarantee that the claim is genuine; but if the enormity of the outrage carries conviction that there has been severe emotional distress, bodily harm is not required.
 

 [2]
 

 We also conclude that the separate claim for intentional infliction of emotional distress was rendered moot, given that the emotional damages were subsumed within the damages awarded in connection with the claims of assault and battery. Thus, we need not address the
 
 Barmettler
 
 requirements as they relate to the separate cause of action for emotional distress.
 

 [3]
 

 Eighth Judicial District Court Rule 7.27 states:
 

 Unless otherwise ordered by the court, an attorney may elect to submit to the court in any civil case, a trial memoranda of points and authorities prior to the commencement of trial by delivering one unfiled copy to the court, without serving opposing counsel or filing the same, provided that the original trial memoranda of points and authorities must be filed and a copy must be served upon opposing counsel at or before the close of trial.