**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN KNIGHT, | No. 13-16330 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00146-LRH-WGC |
| v. | |
| CLIMBING MAGAZINE, 2nd Amended Complaint, #55; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted August 21, 2015[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Brian Knight appeals pro se from the district court's orders dismissing his

action arising from an allegedly defamatory article published about him in

Climbing Magazine. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1072 (9th Cir. 2009) (choice of law decisions); *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005) (dismissal under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(c)); *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1171 (9th Cir. 2004) (removal orders). We may affirm on any ground supported by the record. *Campbell v. Wash. Dep't of Soc. & Health Servs.*, 671 F.3d 837, 842 n.4 (9th Cir. 2011). We affirm.

At the outset, we note that the parties dispute the choice of law issue as to the appropriate statute of limitations for the defamation and false light claims.[1] However, even assuming the district court erred in applying California law as to that issue, we affirm the district court's orders dismissing these claims on the merits. Knight failed to state claims under the laws of either California or Nevada.[2] *See Fields v. Legacy Health Sys.*, 413 F.3d 943, 950-51 (9th Cir. 2005) (affirming

---

[1] Even though Knight challenged the choice of law with regard to the statute of limitations for his defamation and false light claims, he did not specifically challenge the district court's use of California law with regard to his claims of public disclosure of private facts and appropriation of publicity claims. Thus, those claims are waived. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

[2] Knight also suggests that Colorado has the most significant contacts with the alleged tortious conduct. However, Colorado only has a one-year statute of limitation for the defamation and false light claims. *See* Colo. Rev. Stat. § 13-80-103(1)(a).

the district court's ruling because applying rivaling states' laws did not alter the conclusion).

Dismissal of Knight's defamation and false light claims was proper. Knight failed to allege sufficient facts evidencing that the allegedly defamatory statements constituted defamation per se or that he suffered special damages. *See Burrill v. Nair*, 158 Cal. Rptr. 3d 332, 350-51 (Ct. App. 2013); *K-Mart Corp. v. Washington*, 866 P.2d 274, 282 (Nev. 1993), *receded from on other grounds by Pope v. Motel 6*, 114 P.3d 277 (Nev. 2005). Knight failed to show that the alleged defamation and false light claims were based on assertions of fact rather than non-actionable opinions or name-calling. *See Wynn v. Smith*, 16 P.3d 424, 431 (Nev. 2001); *Ferlauto v. Hamsher*, 88 Cal. Rptr. 2d 843, 851 (Ct. App. 1999); *see also Flowers v. Carville*, 310 F.3d 1118, 1127 (9th Cir. 2002) (noting "[t]he law provides no redress for harsh name-calling").

The district court properly dismissed Knight's public disclosure of private facts claim, because Knight failed to allege facts that were private in nature. *See Shulman v. Grp. W Prods., Inc.*, 955 P.2d 469, 478 (Cal. 1998); *Montesano v. Donrey Media Grp.*, 668 P.2d 1081, 1084 (Nev. 1983).

The district court properly dismissed Knight's appropriation of publicity claim, because Knight failed to allege facts sufficient to show that the article was

3

not newsworthy, given the public nature of the events described in the article and Knight's own references to his "good reputation" and "good standing" in the climbing community. *Dora v. Frontline Video, Inc.*, 18 Cal. Rptr. 2d 790, 792-93 (Ct. App. 1993); *Montesano*, 668 P.2d at 1086-88.

The district court properly dismissed Knight's intentional and negligent infliction of emotional distress claims, because Knight failed to allege facts sufficient to show actual serious emotional distress or physical harm, as required by Nevada law for both torts.[3] *Olivero v. Lowe*, 995 P.2d 1023, 1025-26 (Nev. 2000); *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999).

Knight's challenge to the removal of this action to the federal district court fails, because Knight did not timely move to remand. 28 U.S.C. § 1447(c).

We deny Knight's request, set forth in his opening brief, to strike a portion of the district court's December 18, 2012 order.

**AFFIRMED.**

---

[3] The parties do not dispute that Nevada law governs these claims. Nevertheless, California law would not alter the result. *See Wong v. Tai Jing*, 117 Cal. Rptr. 3d 747, 766-69 (Ct. App. 2010).