NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDI ALEXANDER; JACKSON YOUNG, | No. 19-16758 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-02268-MMD-DJA |
| v. | |
| KATHRYN FALK; ROMANTIC TIMES, INC., DBA Romantic Times Magazine, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| JANE DOE, AKA Gracie Wilson, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted August 13, 2020
San Francisco, California

Before: HAWKINS and CHRISTEN, Circuit Judges, and GRITZNER,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

Randi Alexander[1] and Jackson Young appeal the district court's dismissal of their Lanham Act claims and grant of summary judgment as to their other claims in favor of Kathryn Falk and Romantic Times, Inc. (RT). Default was entered against a third defendant, Gracie Wilson, who is not a party to this appeal. The claims arise out of statements Falk and Wilson allegedly made about Alexander and Young during and shortly after an RT convention in Las Vegas, Nevada in April 2016. We have jurisdiction pursuant to 28 U.S.C. § 1291 and, on de novo review, *Elliott v. Google, Inc.*, 860 F.3d 1151, 1155 (9th Cir. 2017), we affirm.

1. To establish their Lanham Act libel/commercial disparagement and false advertising claims, Appellants must show "an injury to a commercial interest in reputation or sales," and "economic or reputational injury flowing directly from the deception wrought by the defendant's advertising[.]" *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131–33 (2014). Here, the district court correctly found Appellants could not maintain their trade libel/commercial disparagement and false advertising claims because they failed to provide non-speculative evidence of deception. *See Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016). Further, Appellants failed to show that any alleged misrepresentations

---

[1] Randi Alexander is a pen name and Jackson Young is a stage name. The district court granted Alexander and Young leave to proceed under pseudonyms up until the time of trial.

proximately caused a cognizable injury. *Lexmark*, 572 U.S. at 140. We therefore affirm the district court's dismissal of Appellants' Lanham Act claims.

The district court's grant of summary judgment as to Appellants' consumer fraud and deceptive trade practices claim based on the same allegations is also affirmed. *See* Nev. Rev. Stat. § 598.0915(8). Appellants' request for injunctive relief was premised on their Lanham Act and consumer fraud/deceptive trade practices claims, which the district court properly dismissed; therefore, the grant of summary judgment on the injunctive relief claims was also appropriate.

2. On this record, the defamation, business disparagement, and false light claims do not survive summary judgment. Under Nevada law, Appellants' defamation claims require proof of, among other things, "a false and defamatory statement." *Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009) (quoting *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005)). Even in Appellants' best light, none of their proffered statements support a defamation claim—not the May 2015 text message to Young, Wilson's 2016 Facebook post,[2] and Appellants' suggestion that Falk spread rumors of an affair between Alexander

---

[2] The district court's order incorrectly attributed Facebook posts by RT and Falk made on May 3, 2016, which indicated Young was "banned" from RT conventions, as having occurred in 2017. However, the error is of no ultimate moment because, incorrect date aside, Appellants have failed to identify sufficient evidence that Falk's or RT's statements about receiving reports of allegations against Young were false.

and Young. Further, although statements "imputing serious sexual misconduct" are considered defamatory per se and do not require proof of damages, the record does not contain sufficient evidence to support Appellants' claim on these grounds. *See K-Mart Corp. v. Washington*, 866 P.2d 274, 282 (Nev. 1993), *receded from on other grounds by Pope*, 114 P.3d at 317. What's more, the allegations that Falk spread rumors of blackmail against Young to an RT convention attendee are belied by the attendee's testimony, and Appellants' self-serving testimony to the contrary does not survive summary judgment. *See Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1152 (9th Cir. 2012) ("A 'conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence' is insufficient to create a genuine issue of material fact." (quoting *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997))). And because Appellants failed to identify evidence that Falk or RT's statements are false and disparaging, their business disparagement and false light claims fail, too. *See Clark Cty. Sch. Dist.*, 213 P.3d at 504–05 (noting a business disparagement claim additionally requires proof of malice); *Flowers v. Carville*, 310 F.3d 1118, 1132–33 & n. 14 (9th Cir. 2002) (noting this court will "affirm dismissal of the false light claims where we have affirmed dismissal of the parallel defamation claims"). As such, the district court's grant of summary judgment as to these claims is affirmed.

3. We affirm the district court's grant of summary judgment on Appellants' intentional interference with contractual relations and prospective economic damages claims based on lack of evidence. Specifically, even though Appellants point to record evidence that other conventions cut ties with Young after allegations were made against him, they cite no evidence that Falk or RT knew of his relationships with those conventions, communicated allegations to the convention organizers, or otherwise intended to disrupt Young's relationship with the conventions. Appellants have identified no evidence in the record substantiating Falk and RT knew of and intended to interfere with any other contracts or prospective contractual relationships. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) ("[I]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact."). Thus, these claims fail.

4. The record does not contain sufficient proof of "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress" to support Appellants' intentional infliction of emotional distress claim. *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000) (quoting *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998)). The conduct complained of—Falk and RT's reports of having received complaints regarding Young's behavior and Facebook posts—were not "beyond the bounds of decency" to qualify as extreme

and outrageous. *Abrams v. Sanson*, 458 P.3d 1062, 1069–70 (Nev. 2020) (first citing *Olivero*, 995 P.2d at 1025; then citing *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (per curiam)).

5. Last, Appellants' civil conspiracy and concert of action claim rests on our acceptance of their spoliation argument. "[A] trier of fact may draw an adverse inference from the destruction of evidence relevant to a case" in part because of its deterrent effect and because "a party who has notice that a document is relevant to litigation and who proceeds to destroy the document is more likely to have been threatened by the document than is a party in the same position who does not destroy the document." *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991) (quoting *Nation-Wide Check Corp. v. Forest Hills Distribs., Inc.,* 692 F.2d 214, 218 (1st Cir. 1982)). Here, although a jury could have drawn an adverse inference that Young never sent inappropriate text messages to Wilson, even while viewing the evidence in the light most favorable to Alexander and Young, there is an inadequate basis to infer the missing texts/emails showed an agreement between Falk and Wilson to defame Young. With this element missing, the civil conspiracy and concert of action claim fails.

**AFFIRMED**

6