**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEGGY PRUCHNICKI,

          Plaintiff-Appellant,

v.

ENVISION HEALTHCARE
CORPORATION, DBA Envision
Healthcare; EMCARE, INC.; SHERIDAN
HEALTHCORP, INC.,

          Defendants-Appellees.

No.   20-15460

D.C. No.
2:19-cv-01193-JCM-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted April 14, 2021[**]
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Peggy Pruchnicki (Pruchnicki) appeals the district court's dismissal of her claims against Appellees Envision Healthcare Corporation, Emcare, Inc., and Sheridan Healthcorp, Inc. (collectively, Envision). Specifically, she challenges the district court's determination that she failed to adequately allege damages stemming from a data breach of Envision by third parties. Pruchnicki also contends that the district court should have granted leave to amend her complaint.

Pruchnicki alleged four categories of injury as a result of the breach: (1) lost time spent reviewing consumer credit reports, obtaining new credit cards, checking financial accounts, and answering an increased number of "spam" calls; (2) emotional distress, including "stress, nuisance, and annoyance" from dealing with the effects of the breach, "worry, anxiety, and hesitation" when applying for new credit cards, and concern that "damage to her creditworthiness could impact her ability to obtain credit for her business"; (3) "imminent and certainly impending injury flowing from potential fraud and identity theft"; and (4) "diminution in value of [her] personal and financial information."

Pruchnicki's second amended complaint asserted claims for negligence, breach of implied contract, negligent misrepresentation, and violation of Nevada Revised Statutes § 41.600 (deceptive practices). The district court dismissed all

claims with prejudice.  The district court found that although Pruchnicki sufficiently alleged injury for standing purposes, her asserted injuries did not state a claim for compensable damages.  The district court did not address Pruchnicki's request for leave to amend.

**1.**     Reviewing de novo, we affirm the dismissal.  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839 (9th Cir. 2020) (reviewing dismissal order de novo).  Although Pruchnicki alleged sufficient injury-in-fact to support standing, whether the allegations adequately alleged compensable damages is a different question.  *See Doe v. Chao*, 540 U.S. 614, 624–25 (2004).  Pruchnicki cites no authority recognizing lost time as a cognizable injury for the purpose of establishing compensable damages.  And several district courts in this Circuit have declined to recognize such damages unless accompanied by out-of-pocket expenses.  *See, e.g.*, *Huynh v. Quora, Inc.*, No. 5:18-cv-07597-BLF, 2020 WL 7495097, at *10 (N.D. Cal. Dec. 21, 2020) (collecting cases).

Pruchnicki's asserted emotional distress also failed to establish compensable damages because, under Nevada law, "in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented." *Olivero v. Lowe*, 995 P.2d 1023, 1026 (Nev. 2000) (citation omitted).  Pruchnicki did not assert the existence of any physical injury or illness.

Pruchnicki submits that she adequately alleged diminution of the value of her personal information. We disagree. Although the studies cited by Pruchnicki establish that personal information may have value in general, Pruchnicki failed to adequately allege that *her* personal information actually lost value. Several courts in this Circuit have found, and we agree, that the "mere misappropriation of personal information" does not establish compensable damages. *See, e.g.*, *In re Google, Inc. Privacy Pol'y Litig.*, No. 5:12-cv-001382-PSG, 2015 WL 4317479, at *5 n.63 (N.D. Cal. July 15, 2015). Pruchnicki did not assert a claim under Nevada Revised Statutes §§ 597.770 and 597.790, so any statutory damages available under those provisions do not affect our analysis. Importantly, Nevada law does not permit recovery of speculative damages. *Clark Cnty. Sch. Dist. v. Richardson Constr., Inc.*, 168 P.3d 87, 97 (Nev. 2007).

2.     The district court acted within its discretion in declining to consider further amendment because further amendment would have been futile. *See Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1197 (9th Cir. 2021) (applying abuse of discretion standard to denial of leave to amend and de novo standard to futility argument). Pruchnicki twice amended her complaint without strengthening her damages allegations. Envision moved to dismiss twice based on Pruchnicki's deficient damages allegations. And both before the district court and this Court,

4

Pruchnicki failed to convincingly articulate what information she would add to cure her deficient damages allegations.

**AFFIRMED**.